## WHITNEY v. PARISH OF VERNON.

(Court of Civil Appeals of ·Texas. Galveston. Feb. 5, 1913. Rehearing Denied Feb. 20, 1913.)

1. JUDGMENT (§ 587*) — CONCLUSIVENESS — MATTERS CONCLUDED.

A judgment for defendant, in an action by a contractor under a contract with a parish for the construction of a courthouse, on the ground that the contract was void, in which a recovery on quantum meruit was not asked, and, under the pleadings, could not have been granted, did not prevent a subsequent recovery of the value of the material and labor furnished under the contract on quantum meruit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1089; Dec. Dig. § 587.*]

2. CONTRACTS (§ 346*)—ACTIONS—EVIDENCE ADMISSIBLE UNDER PLEADINGS.

Proof of an implied contract is not admissible under a petition alleging an express contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1714, 1718–1751; Dec. Dig. § 346.*]

3. ELECTION OF REMEDIES (§ 1*)—APPLICATION OF DOCTRINE.

The doctrine of election of remedies applies where a plaintiff has the right to choose between two modes of redress which are so inconsistent that the assertion of one is necessarily a repudiation of the other, or where, having two or more cumulative remedies which he might pursue together, he elects to pursue only one.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 1; Dec. Dig. § 1.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

4. ELECTION OF REMEDIES (§ 10*)—APPLICATION OF DOCTRINE.

An action under a void contract for the construction of a courthouse, which plaintiff mistakenly supposed was valid, was not an election of remedies, which prevented a subsequent recovery for the labor performed and materials furnished on a quantum meruit.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 13; Dec. Dig. § 10.*]

5. APPEAL AND ERROR (§ 1001*)—REVIEW—QUESTIONS OF FACT.

The trial court's finding as to the amount to which defendant would be entitled on his cross-plea, if entitled to recover at all, could not be held unsupported by the evidence, merely because the testimony of defendant and his witnesses tended to show that the amount of labor and material for which a recovery was sought was indefinite.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

Error to District Court, Jefferson County; L. B. Hightower, Judge.

Action by the Parish of Vernon against William C. Whitney. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

W. B. Williamson, of Lake Charles, La., and Smith Crawford & Sonfield, of Beaumont, for plaintiff in error. Sidney I. Foster, of Leesville, La., and Thos. J. Baten, of Beaumont, for defendant in error.

PLEASANTS, C. J. This suit was brought by the parish of Vernon, in the state of Louisiana, against William C. Whitney to recover upon a judgment for $4,644 in favor of the parish against said Whitney, rendered by the district court of said parish on May 12, 1909. The suit in which this judgment was rendered was brought by Whitney against the parish to recover upon a contract for the construction of a courthouse for said parish. The plaintiff in said suit sought to recover, in addition to the damages alleged to have been sustained by him in loss of profits by reason of the breach of the contract by defendant parish, the sum of $12,692.19, which he alleged to be the amount expended by him for material furnished and labor performed under said contract prior to its breach by the defendant, and of which the defendant had received the benefit. The defendant parish answered that the contract made by it with the plaintiff and upon which the suit was brought was void, because it was not made in accordance with the law authorizing said parish to enter into a contract for the construction of a courthouse, and the officers of the parish who made the contract with the plaintiff were not authorized by law to make such contract. Said defendant also pleaded in reconvention, and asked judgment against the plaintiff for the sum of $10,000, the alleged value of the material in the old courthouse of said parish, which was torn down and the material therein removed and appropriated by plaintiff,

Whitney. The trial of this suit in the district court resulted in a judgment in favor of the parish, sustaining its plea that the contract sued on was executed without legal authority and was therefore void, and adjudging that plaintiff take nothing by his suit, and that defendant recover against plaintiff on its plea in reconvention the sum of $10,000. Upon appeal by the plaintiff, Whitney, to the Supreme Court of the state of Louisiana (126 La. 13, 52 South. 176), that court affirmed the judgment of the district court, except as to the amount adjudged in favor of the parish on its plea in reconvention, which amount was reduced by the judgment of the Supreme Court to the sum of $4,644.

Whitney is a resident of the county of Jefferson, in this state, and, as before shown, the suit from which this appeal is prosecuted was brought by said parish in the district court of said county to recover the amount due upon the judgment above described. The defendant, Whitney, answered by general demurrer and general denial, and by plea in reconvention sought to recover on a quantum meruit the reasonable value of the material and labor furnished by him to the plaintiff, and which plaintiff received and appropriated to its use and benefit in the construction of its courthouse. The reasonable value of the material and labor so furnished by defendant to plaintiff is alleged to be the sum of $12,692.16, and the itemized statement of said material and labor is identical with the statement contained in the petition filed by the plaintiff, Whitney, in the suit brought by him in the Louisiana court before mentioned. In reply to this plea in reconvention, the plaintiff below filed pleas of res adjudicata and election of remedies. The trial in the court below, without a jury, resulted in a judgment in favor of the plaintiff.

There is no conflict in the evidence, and, in addition to the facts before stated, it appears from the evidence that in the suit brought by Whitney in the Louisiana court there were no allegations in his petition which would sustain a recovery on a quantum meruit for the work and material furnished by him in the construction of the courthouse for the defendant parish. No evidence was offered in said suit as to the reasonable value of said work and material, and the opinion filed by the district judge in that case shows that the question of plaintiff's right to recover upon a quantum meruit was not in the case. The record of the trial of the case shows that the defendant parish objected to "any evidence being offered to show quantum meruit," and thereupon counsel for plaintiff, Whitney, expressly disclaimed any right to recover under his pleadings upon a quantum meruit, and the trial judge ruled that no evidence could be offered upon that issue. No part of the judgment for $4,-

644 rendered in said cause against Whitney has been satisfied, and it is a valid and subsisting judgment. The trial judge found that the value of the labor performed and the material furnished by Whitney, "which was accepted by the parish of Vernon, and which I find was used by the said parish of Vernon in constructing and building the courthouse, after the said Whitney had been prevented from further proceeding with his contract with the said Parish of Vernon," was $10,994.79.

[1] Under appropriate assignments of error appellant, or plaintiff in error, complains of the judgment of the court below, upon the ground that, upon the facts shown by the undisputed evidence, neither the plea of res adjudicata nor the plea of election of remedies was available as a defense to his plea in reconvention. We think these assignments should be sustained. It is clear from the evidence that appellant's right to recover upon a quantum meruit was not and could not, under the pleadings, have been adjudicated in the former suit. This being so, it follows that the judgment in the former suit does not support the plea of res adjudicata.

[2] The petition of plaintiff in the former suit declared upon an express contract, and there is no rule of decision more firmly fixed than that upon a petition of this kind proof of an implied contract is not admissible. In the case of McGreal v. Wilson, 9 Tex. 429, our Supreme Court says: "If there has been anything settled by this court, it is that the allegata and probata must correspond and agree; and no verdict or judgment can be sustained, unless there has been an averment to let in such evidence. Mims v. Mitchell, 1 Tex. 443; Harrison v. Nixon, 9 Pet. 503 [9 L. Ed. 201]. The express contract being the only one set out and averred in the petition, evidence to support an implied contract could not be received. It would be a variance from the allegata. Storey on Contracts, §§ 12, 13, and 15; Chitty on Contracts, 25; Harrison v. Nixon, 9 Pet. 503."

In Nunn v. Townes, 23 S. W. 1117, the Court of Appeals for the Fourth district says: "Appellees declared upon an express contract, and there is no plainer rule of law than that they must be held to their allegations; and proof of an implied contract will not sustain the allegations. Shiner v. Abbey, 77 Tex. 1, 13 S. W. 613; Krohn v. Heyn, 77 Tex. 319, 14 S. W. 130; Reese v. Medlock, 27 Tex. 120 [84 Am. Dec. 611]. There was no contract between the parties after the expiration of the written one, and to recover at all appellees must recover upon a quantum meruit, which, under the elementary rule that allegations and proof must correspond, cannot be permitted with the pleadings filed by appellees."

The question of appellant's right to recover upon a quantum meruit not being within the scope of the pleadings in the former suit, the judgment in that suit is not a bar to his assertion of that right in the present suit; and it is immaterial that the former suit involved the same items of labor and material for which recovery is sought in this suit. The identity of the thing sued for is the same, but the identity of the issue involved in the two actions is different. Moore v. Snowball, 98 Tex. 16, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596. This distinction is clearly expressed in the following quotation from the opinion of the Court of Appeals of Missouri in the case of Arthur & Co. v. Goodwin Mfg. Co., 100 Mo. App. 423, 74 S. W. 139: "In the first suit, to entitle plaintiff to recover, it was required to show exact performance of the contract on its part in every particular. In the present suit, to entitle it to recover, it was not required to prove a contract, but only facts upon which the law will imply a contract; i. e., that at defendant's request plaintiff furnished it machinery, which defendant had retained, and that it was of some value. The first suit was on an express contract; the present one is on an implied one. The contracts are entirely different, and it matters not that they both seek to recover damages for the same article. They are separate and distinct causes of action; as distinct as is a contract all the terms of which the parties have agreed to beforehand, and then reduced to writing and signed, from a contract which the parties had not agreed to at all, but which the law implies from their conduct."

Mr. Freeman, in his work on Judgments, says: "The best and most invariable test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the present and the former action. If this identity of evidence is found, it will make no difference that the form of the two actions is not the same; whatever be the form of the action, the issue is deemed the same whenever it may, in both actions, be supported by substantially the same evidence. If so supported, a judgment in one action is conclusive upon the same issue in any other suit, though the cause of action is different. On the other hand, if different proofs are required to sustain the two actions, a judgment in one of them is no bar to the other. If the evidence in a second suit between the same parties is sufficient to entitle plaintiff to a recovery, his right cannot be defeated by showing any judgment against him in any action where the evidence in the present suit could not, if offered, have altered the result."

In the case of Bank v. Barrett, 25 S. W. 456, it was held that a judgment for defendant in a suit to recover upon a contract for services rendered is not a bar to a second suit by the plaintiff to recover on a quantum meruit for the same services.

The authorities above cited are, we think,

conclusive against the holding of the trial court upon the plea of res adjudicata.

[3] We think it equally clear that the plea of election should not have been sustained. The doctrine of election of remedies applies in a case in which a plaintiff has the right to choose between two modes of redress which are so inconsistent that the assertion of one is necessarily a repudiation of the other. When, in such case, the litigant, with knowledge of facts that would authorize a resort to either of two remedies, elects to pursue one and fails to secure redress he will not be thereafter permitted to pursue the other. He cannot assume contradictory positions. The case of Robb v. Vos. 155 U. S. 13, 15 Sup. Ct. 4, 39 L. Ed. 52, illustrates this doctrine. In that case an attorney, without the knowledge of his principal, fraudulently consented to a judgment and obtained the proceeds of a sale under execution thereon. With knowledge of all the facts, the principal brought suit against the attorney to recover the proceeds obtained under the judgment. Thereafter he brought suit to set aside the judgment and sale, on the ground that the attorney acted without authority. The court held that he was estopped, because by bringing suit to recover the proceeds he had ratified the act of the attorney.

Another case illustrative of the doctrine is Thompson v. Howard, 31 Mich. 309, in which a father brought suit to recover wages due his minor son, and after a mistrial, due to the failure of the jury to agree, dismissed his suit and brought suit against the defendant for damages for enticing away and harboring his son. He was not permitted to recover, because his suit for recovery of the wages due his son estopped him from assuming the inconsistent position that he had not authorized or ratified the act of the defendant. And so in a case in which a contract is voidable for fraud and the party wronged can rescind the contract, or affirm it and maintain an action for any amount due thereon, if he sues to recover on the contract and fails, he cannot thereafter sue for rescission. By bringing the first action he waives the right to rescind. Conrow v. Little, 115 N. Y. 387, 22 N. E. 346, 5 L. R. A. 693.

The doctrine also applies in cases in which a party having two or more cumulative remedies, which he may pursue together and enforce at the same time, elects only one. In such case he will not be permitted to divide up his claim or split his causes of action and bring a second suit, when, by choosing in the first instance to pursue only one of his remedies, he may have put the defendant in a position to suffer loss which otherwise he would have avoided. The case of Ward v. Green, 88 Tex. 177, 30 S. W. 864, applies the doctrine to a case of this kind.

[4] It is manifest that the instant case does not call for the application of the doctrine of election of remedies. There is no inconsistency in the position assumed by appellant in seeking to recover upon a quantum meruit and in that assumed by him in his suit upon the contract. The pursuit of one of these remedies cannot be regarded as a repudiation of the other. The fact that appellant in the suit in Louisiana mistakenly supposed that he had a valid contract and attempted to recover thereon should not, when the court determined that the contract was invalid, bar him from pursuing a remedy for relief to which he is, in equity and good conscience, entitled. The proposition that when, in a suit on an express contract, the judgment goes for the defendant such judgment is not a bar to a second suit by the plaintiff to recover the reasonable value of the same services involved in the first suit is fully sustained by the authorities. The opinion in the case of Water, Light & Gas Co. v. City of Hutchinson, 160 Fed. 41, 90 C. C. A. 547, 19 L. R. A. (N. S.) 219, ably discusses the question of res adjudicata and election, and cites many authorities in support of the views above expressed. We think the facts of this case easily distinguish it from the case of Ward v. Green, supra.

[5] The brief of appellee, or defendant in error, contains the following cross-assignment of error: "The court below erred in his seventh paragraph of his findings of facts and conclusions of law. The lower court found that, if the plaintiff in error were *not barred* by the pleas of res adjudicata and election of remedies, he would be entitled to recover on his cross-plea $10,994.79 as against the defendant in error."

This assignment is followed by extracts from the testimony of several witnesses for appellant and of appellant himself, which tends to show that the amount of labor and material furnished by appellant and appropriated by the defendant in error was indefinite. It does not appear that any assignments were filed in the court below by the defendant in error. Neither the assignment nor the statement is in sufficient compliance with the rules to require our consideration; and if we should consider it the facts disclosed by the statement would not justify this court in holding that the finding of the trial court, that the value of the appellant's work and material accepted and used by the defendant in error in the construction of courthouse was $10,994.79, was not supported by the evidence.

It follows from the conclusions above expressed that the judgment of the court below should be reversed and judgment here rendered in favor of appellant, Whitney, for the sum of $10,994.79, less the amount due by him on the judgment against him in favor of the defendant in error; and it has been so ordered.

**Reversed and rendered.**