**ABBOTT LABORATORIES et al., Petitioners,**

v.

**C. K. GRAVIS, Jr., et ux., Respondents.**

**No. B–2598.**

Supreme Court of Texas.

July 21, 1971.

Rehearing Denied Oct. 6, 1971.

Perkins, Davis, Oden & Warburton, Kenneth Oden, Alice, Allison, Maddin, White & Brin, Ronald B. Brin, Corpus Christi, for petitioners.

Sidney P. Chandler, Alpine, for respondents.

GREENHILL, Justice.

In a former suit, it was alleged that Mrs. Elma Gravis suffered partial paralysis and other injuries as the result of an abdominal operation. She and her husband, respondents here, sued the hospital, the doctors, and the anesthetist for various acts of negligence. They also sued Abbott Laboratories, a petitioner here, with regard to drugs used in the operation and as a conspirator with the other defendants. In the former suit, summary judgment was entered for all defendants including Abbott. Since there was no appeal by the plaintiffs as to Abbott, this court affirmed that summary judgment for Abbott. As to other defendants, this court reversed the judgment of the courts below and remanded the cause for trial. Gravis v. Physicians & Surgeons Hospital of Alice, 427 S.W.2d 310 (Tex.1968).

Thereafter Mr. and Mrs. Gravis settled with the doctors, the anesthetist and the hospital. They then instituted this separate law suit against the drug firms whose products were used in the operation: Ab-

bott, Sterling Drug, Inc., Winthrop Laboratories, Inc., and Parke, Davis & Co. This suit is based on allegations of strict liability for the furnishing of defective products.

The trial court again entered summary judgments for all defendants. The court of civil appeals reversed as to all defendants and remanded the cause for trial. 462 S.W.2d 410. We agree that, except as to Abbott, it was error for the trial court to enter summary judgments for the defendants. Our view is that the cause of action as to Abbott is barred by the doctrine of res judicata.

The facts in this case have been set out at length in the opinions noted above, and we will repeat only those facts which relate to res judicata and the erroneous entry of the summary judgment.

### Res Judicata

Mrs. Gravis, suffering from abdominal pains, was admitted to the hospital. Surgery was performed. The anesthetist administered a spinal anesthetic initially; and during the operation, she administered a pentothal sodium solution intravenously. The spinal anesthetic contained dextrose and novacaine produced and sold by the defendant Winthrop Laboratories (a subsidiary of Sterling Drug), and adrenalin produced by the defendant Parke-Davis. The pentothal sodium solution was prepared from a powdered preparation of the drug manufactured by the defendant Abbott which was mixed with a saline solution and dextrose. Although the surgery was successful in removing an intestinal block, Mrs. Gravis has experienced disabilities since the operation. The first suit against the hospital, the doctors, the anesthetist and Abbott followed.

The former action against Abbott was based upon the theory that it was negligent in the manufacture of the drug, pentothal sodium, used in the *spinal anesthetic* which was a proximate cause of Mrs. Gravis' dis-

abilities. There were allegations that the drug was of an excessively high concentration; that it had not been tested; that it was contaminated and unfit for use; and that its preparation was not only negligence on the part of Abbott, but its use was negligence as to all defendants. There were allegations that there was a conspiracy against Mrs. Gravis by all defendants and that Abbott was a joint adventurer with the other defendants. The fifteenth count, a separate and general allegation, was that Abbott, in preparing and furnishing the drug, did not act as an ordinarily prudent laboratory.

It is fair to say that the plaintiffs, in their original petition on which summary judgment proceedings began, mainly contended that the pentothal sodium prepared by Abbott formed a part of the solution injected into the spinal column, as contrasted with its injection into the veins of Mrs. Gravis.

Abbott moved for summary judgment in the first trial on the basis that it had no connection with any of the drugs used in connection with the spinal anesthetic. Abbott's motion, supported by affidavits, was granted.

The plaintiffs filed a motion for new trial and, shortly thereafter, their first amended original petition. In their amended petition the plaintiffs alleged that the pentothal sodium administered to Mrs. Gravis *intravenously* during the operation was unfit for use, and that Abbott was negligent in furnishing and supplying such drug. Abbott replied with the assertion, among other things, that the allegations of the amended petition were barred by res judicata by virtue of the previous granting of its motion for summary judgment. Abbott's motion for dismissal was granted, and the plaintiffs' motion for a new trial as to Abbott was overruled.

The trial court apparently regarded these actions as interlocutory. Over a year later, the trial court entered a final judgment. The final judgment (which is an unusual

one to say the least) decreed that the plaintiffs take nothing as to Abbott; repeated its action in sustaining Abbott's motion for summary judgment and overruling the plaintiffs' motion for a new trial as to Abbott's motion for summary judgment; and again sustained Abbott's motion to be dismissed from the suit.

The judgment noted that the plaintiffs objected and excepted to all of these actions and gave notice of appeal. Upon appeal, however, the plaintiffs did not assign error as to Abbott. The actual judgment of the court of civil appeals, as well as the judgment recited in its opinion, was one which simply affirmed the judgment of the trial court. 415 S.W.2d 674 at 682. Our opinion in the first cause noted that the plaintiffs had not complained of a summary judgment rendered in favor of Abbott. We therefore affirmed the judgment of the court of civil appeals as to Abbott.[1] We ordered a severance as to all other defendants, reversed the judgment of the court of civil appeals as to them, and remanded the cause to the trial court. 427 S.W.2d 310 at 312.

The present action against Abbott can be construed as one founded wholly upon the theory of products liability. The contention is that the former suit was one based on negligence, and that a final judgment for a defendant in a negligence action would not, even between the same parties, be a bar under the doctrine of res judicata to a recovery in a second suit based on products liability under Section 402A of the Restatement of Torts (2d), and McKisson v. Sales Affiliates, Inc., 416 S.W.2d 787 (Tex.1967). We disagree. Both suits involve a tort action resulting from the furnishing of the same drug for the same operation on the same person.

■ The Latin phrase "res judicata" means that the matter has been adjudged; a thing judicially determined; or a matter settled by judgment. The principle of res judicata is an old one founded upon public policy. Its function is to expedite justice by putting an end to litigation and to preserve the sanctity of judgments. As relevant here, an existing final judgment rendered upon the merits by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties in all other actions on the points at issue and adjudicated in the first suit. Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564 (1937); 2 Freeman on Judgments (5th ed.) 1322. Further, the rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those which were actually tried. Ogletree v. Crates, 363 S.W.2d 431 (Tex.1963); Restatement of Judgments 159, Introductory Notes to Section 41. Stated differently, a party cannot relitigate matters which he might have interposed, but failed to do so, in an action between the same parties or their privies in reference to the same subject matter. Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97 (1894).

■ The claim for recovery against Abbott in the first action could have been founded upon products liability or negligence, or both. The final judgment for the defendant Abbott in the first suit is therefore res judicata in the present suit.

The plaintiffs further contend that the first case involved the use of pentothal sodium in the spinal column, and therefore a claim based on the use of the drug intravenously is different and hence not barred by res judicata. As above noted, we do not read the plaintiffs' pleadings so narrowly as set out above in its original petition. The matter of intravenous use of the drug was specifically raised, or attempted to be raised, by amendment of the plaintiffs'

1. Sterling Drug, Inc., had attempted to intervene in the trial court in the first suit. Its plea of intervention was dismissed. No appeal was taken as to such action, and the matter is not dealt with herein because we deem it immaterial.

pleadings before the final judgment; and this matter certainly could have been litigated, with due diligence, in the first suit. This also, therefore, falls within the doctrine of res judicata.

### Summary Judgment

 We agree with the court of civil appeals that, except as to Abbott, it was error for the trial court to enter summary judgment against the plaintiffs and in favor of the defendant drug companies.

The opinion of the court of civil appeals is an able one in this respect; it summarizes the matters in which the movants for the summary judgment, the drug companies, failed in their summary judgment burden under Rule 166–A, Texas Rules of Civil Procedure. The areas included are thus summarized by the court of civil appeals:

(1) Whether the product (one or more) used in the anesthetics was in a defective condition unreasonably dangerous to the user or consumer, when it left the hands of the particular seller. (2) Whether the products used in the anesthetics caused physical harm to Mrs. Gravis, including the question of abreaction. (3) Whether each of the products used was expected to and did reach the user or consumer without substantial change in the condition in which it was sold.

The rules regarding the burden of the movant for a summary judgment have been stated in several recent opinions by this court. The court of civil appeals correctly applied them, and they need not be restated here. Glenn v. Prestegord, 456 S.W.2d 901 (Tex.1970); Harrington v. Y.M. C. A. of Houston, 452 S.W.2d 423 (Tex.1970); Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970); Prestegord v. Glenn, 441 S.W.2d 185 (Tex.1969); Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.1965).

The cause of action alleged against Abbott is severed; and as to it, the judgment of the court of civil appeals is reversed and judgment is here rendered that the plaintiffs take nothing. As to the remaining defendants, the judgment of the court of civil appeals is affirmed.

WALKER, J., not sitting.