Leon GRIFFIN, Appellant,

v.

HOLIDAY INNS OF AMERICA et al., Appellees.

No. 11918.

Court of Civil Appeals of Texas, Austin.

May 10, 1972.

Rehearing Denied May 31, 1972.

Hooper & Robinson, Karl H. Moeller, Malcolm Robinson, Austin, for appellant.

Waitz, Bretz & Collins, Bruce Waitz, San Antonio, Wallace T. Barber, San Marcos, for appellees.

SHANNON, Justice.

The single issue in this appeal involves the application of the doctrine of res judicata. Specifically, the question is whether a final judgment in a suit on an express contract for labor and services bars a second suit grounded on *quantum meruit* between the same parties concerning the same labor and services. We hold that the second suit is barred by the judgment in the first.

Appellant, Leon Griffin, appeals from a summary judgment entered by the district court of Hays County in favor of the Appellees, Holiday Inns of America and San Marcos Motel Company. We will affirm that judgment.

In the first suit appellant sued appellees pleading that he had entered into a contract with the appellees to do paving work for $13,350.88. Appellant alleged that he had fully performed under the contract but that appellees had paid him only $6,812.27, and appellant sought to recover the balance of the contract price. Appellees' defense was that appellant had not substantially performed the contract. Upon trial judgment was entered that appellant take nothing, and that judgment was affirmed by this Court in Griffin v. Holiday Inns of America et al. on March 25, 1970, 452 S. W.2d 517 (no writ).

On March 27, 1970, appellant filed his second suit grounded on *quantum meruit* against the same appellees concerning the same labor and services. Appellees then filed a motion for summary judgment which was granted and that judgment is the basis for this appeal.

Appellant's only point of error is that "a suit to enforce a written contract is not res judicata as to a subsequent suit on quantum meruit based on the same transaction."

■ The function of the doctrine of res judicata is to prevent the parties to an action from relitigating, in a subsequent proceeding, a controversy of issue already determined by a valid judgment.[1]

■ The doctrine of res judicata in Texas bars relitigation of matters by a party which he might have interposed, but failed to do so, in an action between the same parties or their privies in reference to the same subject matter. Abbott Laboratories v. Gravis, 470 S.W.2d 639 (Tex. 1971). Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97 (1894).

■ Without question under our practice appellant's claim for recovery in the first suit could have been grounded upon express contract or *quantum meruit* or both. The final judgment for the appellees in the first suit is therefore res judicata in the present suit.

In view of Abbott, *supra*, Henrietta National Bank v. Barrett, 25 S.W. 456 (Tex. Civ.App.1894, writ ref'd) and Whitney v. Parish of Vernon, 154 S.W. 264 (Tex.Civ. App.1913, writ ref'd) are not controlling. Both of those cases do hold that a suit on a contract is a separate and distinct cause of action from one grounded on *quantum meruit*[2] and that a judgment on an express contract is not a bar to a second suit between the same parties about the same subject matter grounded on *quantum meruit*. Since *Abbott, supra*, such a difference is

---

1. Schopflocher, What is a Single Cause of Action?, University of Oregon, 21 Ore. L.Rev. 319 (1942).

2. See Res Judicata—Contracts—Express, Implied, 35 A.L.R.3rd 877.

without consequence.[3]  Since both contract and *quantum meruit could have been* urged in the first suit, *Abbott, supra,* the final judgment in the first suit is *res judicata* as to the second one.

The judgment is affirmed.

Affirmed.

3.  See Schopflocher, *supra.* Concerning the application of res judicata in those situations wherein a cause of action might have been asserted in the first suit the writer states, "To effect the policy of cutting off multifarious suits, the courts, particularly in recent times, have developed a third doctrine which in its broadest sense means that a party ought to be required to dispose of all his claims in one proceeding as expeditiously as the present law of procedure and the requirements of fairness permit, irrespective of whether the same or two or more causes of action are involved, at least when these causes of action are closely related.  Thus, at least to a certain extent, the permission to unite different causes of action in one complaint becomes a command."