**Leon GRIFFIN, Petitioner,**

v.

**HOLIDAY INNS OF AMERICA et al., Respondents.**

**No. B–3444.**

Supreme Court of Texas.

June 20, 1973.

Rehearing Denied July 18, 1973.

Hooper & Robinson, Karl H. Moeller and J. Malcolm Robinson, Austin, for petitioner.

Waitz, Bretz & Collins, Bruce Waitz, San Antonio, Wallace T. Barber, San Marcos, for respondents.

WALKER, Justice.

The principal question presented by this appeal is whether a take-nothing judgment in a suit on an express contract to furnish labor and material is res judicata of a second suit on the quantum meruit between the same parties and involving labor and material furnished under the same contract. We hold that although the present suit is on a cause of action different from that asserted by plaintiff in the first suit, the earlier judgment is res judicata because the claim in quantum meruit was a compulsory counterclaim to defendants' cross-action for breach of contract in that case.

Holiday Inns of America, one of our respondents, contracted to construct a motel for San Marcos Motel Company, the other respondent. Leon Griffin, petitioner here, then contracted with Holiday Inns to furnish the labor and material for paving the area surrounding the building. The paving was completed, and Holiday Inns paid part of the contract price to petitioner or to his suppliers who furnished materials used on the job. Upon its refusal to make any further payment, petitioner brought suit against respondents to recover the balance claimed to be owing under the contract and for foreclosure of an alleged mechanic's and materialman's lien. Respondents defended on the ground that petitioner had not performed in accordance with the contract and also filed a cross-action to recover damages from petitioner for breach of contract. In that first suit the trial court rendered judgment, in so far as material here, that petitioner and respondents take nothing. The Court of Civil Appeals affirmed on the basis of its holdings: (1) that the evidence supported an implied finding that petitioner had failed to substantially perform his obligations under the contract, and (2) that there was no evidence showing the amount of damage sustained by respondents. Griffin v. Holiday Inns of America, Tex.Civ.App., 452 S.W.2d 517 (no writ). As pointed out by the Court of Civil Appeals in that case, petitioner's pleadings in the first suit would not support a recovery in quantum meruit.

Petitioner then filed the present suit against respondents in quantum meruit to recover the "value" of labor and materials furnished under the contract involved in the first suit. The trial court sustained respondents' motion for summary judgment, and the Court of Civil Appeals affirmed. Both courts held that the judgment in the first suit is res judicata of the quantum meruit claim. Griffin v. Holiday Inns of America, Tex.Civ.App., 480 S.W.2d 506.

In the present case neither the parties nor the Court of Civil Appeals have noticed the cross-action in the first suit. We begin then by considering the res judicata question in the same manner, just as

though no cross-action had been asserted in the earlier case. Proceeding on that assumption, the res judicata holding of the Court of Civil Appeals is, as noted by the court, contrary to the decisions in Whitney v. Parish of Vernon, Tex.Civ.App., 154 S. W. 264 (wr. ref.), and Henrietta Nat. Bank v. Barrett, Tex.Civ.App., 25 S.W. 456 (wr. ref.). The courts in these earlier cases concluded that the judgment in a suit on an express contract is not res judicata of a subsequent suit upon a quantum meruit because the two causes of action are separate and distinct. One of the courts also referred to the evidence test now found in 2 Freeman on Judgments, 5th ed. 1925, § 687, and observed that proof of an implied contract was not admissible where the petition declared on an express contract.

█ The Court of Civil Appeals here based its holding to the contrary on the following excerpt from our opinion in Abbott Laboratories v. Gravis, Tex.Sup., 470 S.W.2d 639:

> Stated differently, a party cannot relitigate matters which he might have interposed, but failed to do so, in an action between the same parties or their privies in reference to the same subject matter. Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97 (1894).

The intermediate court reasoned that since claims on the express contract and in quantum meruit could have been urged in the first suit, the final judgment in that suit is res judicata of the present suit. Stated differently, the court has held that a judgment on one claim or cause of action is res judicata of all claims and causes of action arising out of the same transaction and that could have been urged in the suit. This conclusion is sound with respect to counterclaims that are compulsory under the provisions of Rule 97, Texas Rules of Civil Procedure. There is, however, no similar rule requiring a plaintiff to join all claims arising out of the same transaction, and the Court of Civil Appeals has

misconstrued our opinion and holding in *Gravis*. See Rule 51, T.R.C.P.

█ The plaintiff in *Gravis* suffered partial paralysis and other ill effects following an abdominal operation. She first sued Abbott Laboratories and others, alleging that Abbott was negligent in manufacturing the spinal anesthetic used in the operation. A summary judgment for Abbott was rendered in that suit and was affirmed on appeal. The plaintiff then filed a second suit seeking to recover from Abbott on the theory of strict liability as distinguished from negligence. It was held that the first judgment was res judicata of the second suit. That conclusion is entirely sound and is reaffirmed. It is generally recognized that a judgment in a suit to recover damages on one theory is conclusive as to all theories of liability that might have been alleged and all defenses that might have been urged with respect to the claim. See Restatement, Judgments, § 63, Comment *a*; 2 Freeman, Law of Judgments, 5th ed. 1925, Sec. 682.

This is the rule that was "stated differently" in the above quoted excerpt from our opinion in *Gravis*. It was taken from the opinion in Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, where the first suit was in trespass to try title to recover 622½ acres of land. Judgment for the plaintiff was rendered by the trial court and affirmed on appeal. In a later suit one of the defendants in the first suit asserted title to part of the land described in the earlier judgment. He attempted to show that title to the land was not involved in the first suit and that the only issue tried there was the location of the boundary line between two surveys. It was held, of course, that the earlier judgment was res judicata of the second suit.

█ When the statement quoted above is read in context, it is clear that the term "subject matter" refers to the claim or controversy at issue in the earlier suit and not to the transaction out of which the suit arose. *Freeman* has been consistently cited

for the proposition that all grounds of recovery or defense relating to the cause of action asserted in the pending suit must be urged or will be barred by the judgment. Ogletree v. Crates, Tex.Sup., 363 S.W.2d 431; Moore v. Snowball, 98 Tex. 16, 81 S. W. 5. We have not said or held that a judgment in a suit on one claim or cause of action is necessarily conclusive of all claims and causes of action against the same party, or relating to the same property, or arising out of the same transaction. Apparently some courts have gone that far, but we are unwilling to do so.

Courts generally agree that a judgment is conclusive as to all matters that were considered or should have been considered in the suit. The problem is in determining how much of what could have been considered in the first suit, but was not, is merged in or barred by the judgment rendered. As a general rule a judgment on the merits in a suit on one cause of action is not conclusive of a subsequent suit on a different cause of action except as to issues of fact actually litigated and determined in the first suit. See Moore v. Snowball, 98 Tex. 16, 81 S.W. 5; Restatement, Judgments, §§ 48, 68; 2 Freeman, Law of Judgments, 5th ed. 1925, § 677; 46 Am.Jur.2d Judgments, § 404. There is at

least one Texas exception to this general rule, and it is often difficult to determine whether the subsequent suit is on the same or a different cause of action. See Ogletree v. Crates, Tex.Sup., 363 S.W.2d 431; 46 Am.Jur.2d, Judgments, § 406 et seq.; 65 Harv.L.Rev. 818. These are not problems in the present case, however, because a majority of the Court have concluded that we should adhere to the established rule in this and most other jurisdictions that a judgment for the defendant in a suit for breach of contract on the ground that he is not liable for breach of contract does not preclude a subsequent suit in quantum meruit, the causes of action being regarded as different for res judicata purposes. See Whitney v. Parish of Vernon, Tex.Civ. App., 154 S.W. 264 (wr. ref.); Henrietta Nat. Bank v. Barrett, Tex.Civ.App., 25 S. W. 456 (wr. ref.); Restatement Judgments, § 65, Comment *j*.[1]

Since the issue of substantial performance was resolved against petitioner in the former suit, that determination is conclusive as to the same parties in the present proceeding under that aspect of the doctrine of res judicata sometimes called collateral estoppel. This is so without regard to whether the causes of action asserted in the two suits are the same. May-

1. In the opinion of the writer, we should adopt a somewhat more pragmatic approach to the entire problem. The decisions of our Texas courts may well afford a sound basis for determining whether the causes of action are the same or different. If they are found to be the same, the second suit will be barred by the earlier judgment. When the causes of action are different, however, it seems to me that the court should further determine whether the cause of action alleged in the second suit should, as a matter of fundamental fairness and diligence, have been urged by the plaintiff in the first suit. That would be a question of law to be decided in the light of all the circumstances. In the comparatively rare case where the plaintiff has neglected a procedural duty owing to the court and to the adverse party and was clearly at fault in failing to set up in the first suit a different cause of action arising out of

the same transaction, the court should impose a procedural penalty by holding that the earlier judgment is conclusive of a later suit based on the second cause of action. For example, there would be considerable force in an argument that the plaintiff in Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, was at fault in failing to urge both claims in the first suit. This entire problem can be dealt with more effectively if defined and considered in terms of procedural duty and procedural penalty rather than by attempting to decide whether the causes of action are the same or different. See Schopflocher, What is a Single Cause of Action for Purpose of the Doctrine of Res Judicata?, 21 Ore.L.Rev. 319. See also Ogletree v. Crates, Tex.Sup., 363 S.W.2d 421. Associate Justice Reavley is in general agreement with the views expressed in this footnote.

field Co. v. Rushing, 133 Tex. 120, 127 S. W.2d 185. The fact that petitioner did not substantially perform the contract may well affect, but does not necessarily preclude, his right to recover on the quantum meruit. See Colbert v. Dallas Joint Stock Land Bank, 129 Tex. 235, 102 S.W.2d 1031, and authorities there cited; 13 Am.Jur.2d, Building and Construction Contracts, §§ 44, 110. The present suit would not be barred by the earlier judgment, therefore, if the first case had involved only petitioner's suit on the contract.

As previously indicated, however, the first case involved more than petitioner's suit on the contract. Respondents filed a cross-action against petitioner in the earlier suit to recover damages for his breach of contract. Since petitioner's claim in quantum meruit arose out of the transaction or occurrence that was the subject matter of the cross-action, the quantum meruit claim was a compulsory counterclaim to the cross-action under the provisions of Rule 97, T.R.C.P. The judgment in the first suit is conclusive of the claim for that reason, and the plea of res judicata interposed by respondents was properly sustained by the trial court.

The judgment of the Court of Civil Appeals is affirmed.

Dissenting opinion by SAM D. JOHNSON, J.

### SAM D. JOHNSON (dissenting).

This dissent is respectfully submitted.

Leon Griffin brought his first suit to recover the balance claimed to be owing under the contract and for foreclosure of an alleged mechanic's and materialman's lien against Holiday Inns of America. Holiday Inns filed a cross action to recover damages from Griffin for breach of contract. The trial court rendered judgment that both Griffin and Holiday Inns take nothing. The court of civil appeals affirmed on the basis of its holdings: (1) that the evidence supported an implied finding that Leon Griffin had failed to substantially perform his obligations under the contract, and (2) that there was no evidence showing the amount of damages sustained by Holiday Inns. The court of civil appeals in that case, Griffin v. Holiday Inns of America, 452 S.W.2d 517 (Tex.Civ.App.— Austin 1970, no writ), pointed out that Griffin's pleadings would not support a recovery in quantum meruit.

Griffin then filed the instant suit against Holiday Inns in quantum meruit to recover the "value" of labor and materials furnished under the same contract involved in the first suit. The trial court sustained Holiday Inns' motion for summary judgment and the court of civil appeals affirmed. Both courts held that the judgment in the first suit was res judicata of the quantum meruit claim. Griffin v. Holiday Inns of America, 480 S.W.2d 506 (Tex.Civ.App.—Austin 1972, writ granted).

The majority opinion of this court now concludes that res judicata does *not* bar the instant action, the result of which would dictate reversal. The cause is affirmed, however, by application of the compulsory counterclaim rule, Texas Rules of Civil Procedure, Rule 97(a).

No party to this lawsuit has ever argued, however remotely, to this or any other court that Rule 97 has any application to this case, much less should control it. It cannot be inferred that arguments centering on the common law doctrine of res judicata fairly raise the applicability of a quasi-statutory rule of civil procedure. That is especially evident in that neither Griffin's brief nor Holiday Inns' brief so much as mentions the vital fact of Holiday Inns' counterclaim in the first suit, to which counterclaim Griffin's quantum meruit claim is now held to have been a compulsory counterclaim.

In Flaiz v. Moore, 359 S.W.2d 872 (Tex.1962), this court took a significantly different stand. The trial court initially overruled defendant's first "plea to the jurisdiction" based upon the fact that no party to the suit was a resident of Texas.

**540**

Some two years later the trial court sustained a second "plea to the jurisdiction" based upon the dissimilarity of the applicable law (South Dakota) to Texas law. The trial court dismissed on this second plea and plaintiff appealed. The court of civil appeals affirmed, holding that while dissimilarity of law (second plea) was no basis for dismissal the nonresidence of the parties (first plea) was. Tex.Civ.App., 353 S.W.2d 74 at 78. The Supreme Court assumed that either residence-of-parties or dissimilarity-of-law would be a ground for dismissal under *forum non conveniens*, yet held the court of civil appeals was not justified in affirming upon the residence ground, the first plea. The Supreme Court then reversed both lower judgments which, for all that appeared, were quite correct. *Flaiz* was an even stronger case for affirmance than the instant case because in *Flaiz* the litigants there had the opportunity to develop the relevant facts (nonresidence) in the trial court *with full knowledge of the significance of those facts*. Here the fact of Holiday Inns' counterclaim appears in the record only incidentally, and there can be no doubt that no party in the trial court was aware of the significance of that fact. *See also* Lone Star Gas Company v. Sheaner, 157 Tex. 508, 305 S.W.2d 150 (1957), wherein the court refused to pass upon a theory of affirmance (sufficiency of property description) which was only raised on oral argument before the Supreme Court and was not briefed.

The very basis for the opinion by the majority of this court has not been tested by argument of counsel. The petitioner's first opportunity to deal with Rule 97 will be on motion for rehearing. Absent fundamental error, this court should be reluctant to enter into the business of briefing cases for the parties, even when the object is to affirm both lower courts.

We should not go so far beyond the briefs. We should say nothing regarding Rule 97. The judgment of the trial court should be reversed.