**VALLEY FORGE INSURANCE COMPANY, Appellant,**

v.

**Alex RYAN, Appellee.**

**No. 2–90–013–CV.**

Court of Appeals of Texas, Fort Worth.

Jan. 14, 1992.

Rehearing Overruled March 17, 1992.

Riddle & Brown and Phillip W. Gilbert, Dallas, for appellant.

Young, Patton & Folsom and David Folsom, Texarkana, for appellee.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ.

OPINION

JOE SPURLOCK, II, Justice.

Valley Forge Insurance Company ("Valley Forge"), appellant, appeals the trial court's denial of its summary judgment motion and the trial court's granting of summary judgment in favor of Alex Ryan, the insured. We reverse and render regarding the parties' summary judgment motions and remand regarding attorney's fees in this proceeding.

In March 1983, Ryan, appellee, signed a promissory note payable to the order of First National Mortgage Company for realty in Bowie County, Texas. Subsequently, Ryan insured the property with a homeowner's policy issued by Valley Forge. Within the effective dates of the policy, the realty sustained extensive fire damage. Three months later, Ryan stopped making mortgage payments on the premises.

Following the fire, Valley Forge filed a declaratory judgment action against Ryan asserting that Ryan committed arson and requesting a declaration that the insurance company had no obligation to indemnify Ryan under his policy for the fire. Valley Forge also sought an award of attorney's fees.

Two years later, First Commercial Mortgage Company ("mortgage company"), successor in interest to First National Mortgage Company, filed a Petition in Intervention, seeking payment as a loss payee under the mortgage clause of Ryan's homeowner's policy. Because it was admitted that the mortgagee was innocent with regard to the fire, Valley Forge deposited $87,745.22 into the Bowie County district court's registry in connection with Plaintiff's Answer to Petition in Intervention of First Commercial. Subsequently, the insurance company and the mortgage company signed a Subrogation Agreement and Partial Release whereby Valley Forge was subrogated to $87,745.22 for loss to the insured premises. The mortgage company then obtained a nonsuit of its case against Valley Forge.

In the suit between Valley Forge and Ryan in November 1987, the jury found that Ryan intentionally set the fire in question with intent to damage the home. The insurance company did not submit an issue to the jury regarding its attorney's fees and is not appealing the trial court's decision in that case denying Valley Forge its claim for attorney's fees.

In May 1988, Valley Forge filed this suit against Ryan by asserting its subrogation rights to collect on the mortgage note. Subsequently, the insurance company filed a summary judgment motion which was denied, and Ryan filed his summary judgment motion which was granted.

Valley Forge raises three points of error, essentially asserting that the trial court erred in granting Ryan's summary judgment motion, and that the trial court erred in refusing to grant its summary judgment motion.

We must review summary judgments in accordance with the following standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

Furthermore, we will review the trial court's denial of Valley Forge's summary judgment motion because if both parties to litigation have filed motions for summary judgment, and the trial court granted one party's motion and denied the other party's motion, judgment is final and appealable. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex. 1988). If reversible error is found, we are required to render such judgment as the trial court should have rendered. *Id.*

■ In its first two points of error, Valley Forge contends that Ryan's summary judgment motion should not have been

granted because it was based on an erroneous application of res judicata. We agree.

Ryan contends that res judicata should bar this subsequent suit because Valley Forge "could have easily sought an award of judgment for the sum tendered to First Commercial Mortgage Company," and that res judicata should protect him from the same cause of action and the resulting inconvenience and expense.

The most frequently cited early statement of the rule regarding res judicata is found in *Freeman v. McAninch*, 87 Tex. 132, 27 S.W. 97, 100 (1894), where the Texas Supreme Court declared that "[a] party cannot relitigate matters which he might have interposed, but failed to do, in a prior action between the same parties, or their privies, in reference to the same subject-matter." *Id.* Thus, a judgment "is not only final as to the matters actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided." *Id.* 27 S.W. at 99. However, the rule as set out in *Freeman* has been limited by Texas courts. *See Griffin v. Holiday Inns of America*, 496 S.W.2d 535 (Tex.1973); *Gilbert v. Fireside Enterprises, Inc.*, 611 S.W.2d 869 (Tex.Civ.App.—Dallas 1980, no writ). The *Griffin* court expressly refused to hold that "a judgment in a suit on one claim or cause of action is necessarily conclusive of all claims and causes of action against the same party, or relating to the same property, or arising out of the same transaction." *Griffin*, 496 S.W.2d at 538. The court went on to say that most courts agree that a judgment is conclusive regarding all matters that were considered or should have been considered in the suit, but that the difficulty is in determining whether the subsequent suit is on the same or different cause of action. *Id.*

In reviewing the supreme court's treatment of res judicata, it is apparent that the supreme court has applied the doctrine on a functional ad hoc basis. *Gilbert*, 611 S.W.2d at 874. However, there are general policies that the doctrine of res judicata is based upon which include: promotion of judicial economy and the stability of judgments; and the prevention of vexatious litigation, double recoveries, and inconsistent judgments. *Id.* at 877.

We find that allowing Valley Forge to litigate its subsequent suit for its rights to the amount paid to the mortgage company does not violate the policies underlying the doctrine of res judicata. The cause of action asserted by Valley Forge in this case is quite different from its earlier claim. The insurance company's purpose in the original proceeding against Ryan was to determine whether Ryan intentionally set fire to his insured house. In the present case, Valley Forge's purpose is to recover $87,-745.22 from Ryan based on their subrogation rights. Moreover, the issue of Ryan's mortgage debt was never raised against Ryan in the original proceeding and was never adjudicated.

■ The general rule is that a claim which is subject to a future condition is not precluded under principles of res judicata. *Texas Employers' Ins. Ass'n v. Tobias*, 669 S.W.2d 742 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). An insurer's right of subrogation under the mortgage clause may be asserted when payment of loss proceeds is made to the mortgagee, but only when the insured is not entitled to payment. Because a judicial determination was made that Ryan deliberately caused the fire loss, Valley Forge is subrogated to the extent paid to the mortgage company. *See British American Assur. Co. v. Mid–Continent Life Ins. Co.*, 37 S.W.2d 742 (Tex.Comm.1931). The mortgage company's intervention in the original proceeding was strictly to determine their right to the proceeds under the policy. The present case deals with the completely separate issue of whether the insurance company can assert its subrogation against the insured himself, which it can only do if he deliberately caused the fire.

■ Ryan suggests in his summary judgment motion that one reason res judicata applies is because Valley Forge failed to file a compulsory counterclaim. Under a broad definition of res judicata a party would be required to join all closely-related claims in one action, essentially similar to a

compulsory counterclaim. *Gilbert*, 611 S.W.2d at 874. However, the supreme court in *Griffin* rejected this broad definition of res judicata, and the doctrine does not apply in this case because there was no compulsory counterclaim. Ryan argued res judicata in the trial court based on TEX.R.CIV.P. 97(a). However, Ryan's counterclaim and Valley Forge's answer to it were filed over a year prior to Valley Forge's acquisition of any rights from the mortgage company in May 1987. Thus, TEX.R.CIV.P. 97(d) would have applied to Valley Forge's newly acquired claim, making that claim permissive only, and not compulsory. *See Denbina v. City of Hurst*, 516 S.W.2d 460, 463 (Tex.Civ.App.— Tyler 1974, no writ). One of the essential elements for a compulsory counterclaim is that "the action is mature and owned by the pleader at the time of filing the answer." *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex.1988). Since Valley Forge had not even paid the mortgagee and had not received its rights of subrogation under Ryan's promissory note, Valley Forge's action was not mature nor owned by it at the time of filing its answer. Therefore, the claim in the present suit was not a compulsory counterclaim in the prior suit.

We sustain Valley Forge's first and second points of error and reverse the trial court's granting of Ryan's summary judgment motion.

In its third point of error, Valley Forge asserts that the trial court erred by not granting its summary judgment motion as to Ryan's liability for $87,745.22 plus prejudgment interest. We agree.

Valley Forge filed its summary judgment motion based on its payment of $87,745.22 in insurance proceeds to Ryan's mortgage company. Valley Forge is entitled to $87,-745.22 plus prejudgment interest because there was no genuine issue of material fact regarding its payment to the mortgage company, its subrogation rights, Ryan's default under the terms of the note, and Valley Forge's favorable judgment in the original trial.

In another affidavit filed with his own summary judgment motion, Ryan admitted that the mortgage company was the holder of his mortgage, and that he quit making payments on the mortgage three months after the fire. He also admitted the subrogation of Valley Forge to the mortgage company's rights of recovery to the extent of $87,745.22. The only controverting summary judgment evidence Ryan presented was the Order Granting Motion for Nonsuit, upon which Ryan relied solely in asserting his theory of res judicata. Because we find res judicata does not apply in this case, we sustain Valley Forge's third point of error, and we render judgment in favor of Valley Forge.

The judgment is reversed and rendered regarding the parties' summary judgment motions, and remanded to the trial court for determination of attorney's fees in this proceeding.