**In re MATLOCK LAND LTD., INC., Debtor.**

**MATLOCK LAND LTD., INC., Plaintiff,**

**v.**

**Linda COBB, Defendant.**

**Bankruptcy No. 91–42146.**
**Adv. No. 91–4085.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Dec. 18, 1992.

Edward B. Klein, Dallas, TX, for Matlock Land Ltd., Inc.

Robert D. Akers, Fort Worth, TX, for Linda Cobb.

## MEMORANDUM OPINION GRANTING MOTION TO DISMISS

### C. HOUSTON ABEL, Chief Judge.

On October 21, 1992, the Court heard arguments on Linda Cobb's ("Cobb") Motion to Dismiss Adversary Proceeding. After consideration of the arguments and the relevant law, the Court is of the opinion that Cobb's motion should be GRANTED. Pursuant to Federal Rule of Bankruptcy Procedure 7052, the following constitutes the Court's findings of fact and conclusions of law. Where appropriate, findings of fact shall be deemed conclusions of law and conclusions of law shall be deemed findings of fact.

### JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) & (C).

### FINDINGS OF FACT

1. On March 21, 1989, Cobb and Matlock Land Ltd., Inc. ("Matlock") entered into a contract ("Contract") whereby Matlock was to mine sand and gravel from property owned by Cobb.

2. Contemporaneous with the execution of the Contract, Matlock executed in favor of Cobb a security agreement which granted Cobb a security interest in, *inter alia*, certain equipment owned by Matlock to secure the performance of Matlock pursuant to the Contract.

3. On November 27, 1990, Cobb filed a lawsuit for breach of the Contract in Tarrant County, Texas, Cause No. 352–131747–90, styled *Linda Cobb v. Matlock Land Ltd., Inc., dba Diversified Group Sand & Gravel and Joseph L. Miller.* Cobb alleged in the lawsuit that Matlock

violated its obligations and promises under the Contract because Matlock wrongfully refused to pay money due and payable pursuant to the Contract. Cobb alleged further that she was entitled to terminate the Contract pursuant to the terms of the Contract.[1] Cobb provided Matlock written notice of her election to terminate the Contract on September 7, 1989.

4. On March 29, 1991, Matlock filed its Original Answer to the suit in state court. The Original Answer was a general denial and contained no counterclaim against Cobb.

5. At a hearing on September 9, 1991, at which both Cobb and Matlock were represented, the state court granted Cobb summary judgment against Matlock for breach of the Contract. The state court awarded Cobb judgment against Matlock in the amount of $23,836.00, plus interest at the rate of ten percent (10%), and for foreclosure of the secured property covered by the security agreement.

6. On December 24, 1991, Matlock filed bankruptcy in the Eastern District of Texas.

7. On August 10, 1992, Matlock filed this adversary proceeding ("Adversary") claiming that Matlock "was not in default thereunder or had cured same if any existed, or in the alternative, any default thereunder was not material in nature, or in the further alternative, any default thereunder was caused by the actions or conduct of COBB, thereby proximately causing actual damages to MATLOCK." The Adversary also sought to declare the security agreement invalid.

8. On September 11, 1992, Cobb filed a Motion to Dismiss Adversary Proceeding stating, *inter alia*, that the claim in the Adversary has been adjudicated, and there-

---

1. The relevant terms of the Contract provide:
    2. [Matlock] will pay Cobb for sand and other material so removed at the rate of fifty cents ($.50) for each cubic yard of sand or other material removed from the Property (herein "Royalty"). [Matlock] agrees to pay Cobb on or before the tenth (10th) day of each month for sand and other material removed during the preceding month.

3. The term of the [Contract] shall commence concurrently herewith and shall terminate no later than March 31, 1991. On or before March 31, 1991, Cobb has the option to terminate this [Contract] upon her written election if Cobb does not receive an average of at least Three Thousand Dollars ($3,000.00) per month during any four (4) month period.

fore the Adversary is barred by res judicata.

9. At the hearing on Cobb's Motion to Dismiss Adversary Proceeding, Matlock asserted that the Adversary was for wrongful termination of the Contract and not for breach of the Contract. Therefore, according to Matlock, the Adversary is a different cause of action from that in state court and res judicata is not applicable.

10. The Court finds that no where in the complaint Matlock filed in the Adversary does it allege wrongful termination of the Contract. To the contrary, the complaint appears to be for breach of the Contract.

## CONCLUSIONS OF LAW

### I. Basis of Res Judicata

■ The doctrine of res judicata[2], or "claim preclusion", is that a party "may not assert a civil claim arising from a transaction with respect to which he has already prosecuted such a claim, whether or not [the] two claims wholly correspond to one another." RESTATEMENT (SECOND) OF JUDGMENTS, Ch. 1, at 1 (1982). Res judicata precludes parties or their privies from relitigating issues that were, or could have been, raised in a prior action. *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *Cromwell v. County of Sac*, 94 U.S. 351, 352–53, 24 L.Ed. 195 (1877). The doctrine is one of "public policy and of private peace, which should be cordially regarded and enforced by the courts...." *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299, 37 S.Ct. 506, 508, 61 L.Ed. 1148 (1917).

In *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 401–02, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103 (1981), the Supreme Court, in light of the crowded dockets courts have, reiterated the importance of res judicata by quoting a prior decision from 1932:

[t]he predicament in which respondent finds himself is of his own making.... [W]e cannot be expected, for his sole relief, to upset the general and well-established doctrine of res judicata, conceived in the light of the maxim that the interest of the state requires that there be an end to litigation—a maxim which comports with common sense as well as public policy. And the mischief which would follow the establishment of precedent for so disregarding this salutary doctrine against prolonging strife would be greater than the benefit which would result from relieving some case of individual hardship.

*Reed v. Allen*, 286 U.S. 191, 198–99, 52 S.Ct. 532, 533, 76 L.Ed. 1054 (1932). And, the Texas Supreme Court also reaffirmed the importance of res judicata when the court stated there is a "need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery". *Barr v. Resolution Trust Corporation*, 837 S.W.2d 627, 629 (Tex.1992).

■ The requirements for res judicata are:

(1) the parties must be identical in the two actions;

(2) the prior judgment must have been rendered by a court of competent jurisdiction;

(3) there must be a final judgment; and

(4) the same cause of action must be involved in both cases.

*Eubanks v. F.D.I.C.*, 977 F.2d 166, 169 (5th Cir.1992). Because Matlock did not challenge the first three requirements at the hearing, the Court assumes that Matlock has conceded them.[3] Therefore, the Court will examine the fourth requirement and determine if the Adversary is barred by the judgment from state court.

2. Res judicata differs from collateral estoppel, or "issue preclusion", which prohibits a party from re-litigating an issue that has been *actually litigated*. RESTATEMENT (SECOND) OF JUDGMENTS, Ch. 1, at 6 (1982) (emphasis added).

3. Though Matlock did not challenge the first three requirements, the Court, after review of the pleadings, finds that the first three requirements are clearly satisfied.

## II.  Standard to Use for Res Judicata

█ Federal courts are required to give full faith and credit to state court judgments pursuant to 28 U.S.C. § 1738.[4]  The determination of the res judicata effect of a prior state court judgment must be based upon the preclusion law of the state from which the judgment was taken. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985).  If state law precludes a particular claim, then this Court must determine whether an exception to § 1738 exists and should apply. *Marrese,* 470 U.S. at 386, 105 S.Ct. at 1335.  Therefore, in determining whether the fourth requirement of res judicata has been met, this Court must look to Texas law.  If under Texas law the Adversary before the Court would be barred by res judicata, then the fourth requirement has been met.

## III.  Texas Law

Just recently, the Texas Supreme Court outlined the scope of res judicata in Texas.  In *Barr v. Resolution Trust Corporation,* the Texas Supreme Court adopted a prior ruling from the court which held that res judicata is not limited to matters actually litigated, but also encompasses "causes of action or defenses which *arise out of the same subject matter* and which might have been litigated in the first suit." *Barr,* 837 S.W.2d at 630;  quoting *Texas Water Rights Comm. v. Crow Iron Works,* 582 S.W.2d 768, 771–72 (Tex.1979) (emphasis added).[5]

█ In determining whether the matter arose out of the same subject matter, an analysis of the factual basis of the claim must be made, "without regard to the form of the action." *Barr,* 837 S.W.2d at 630.  The analysis should include "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Barr,* 837 S.W.2d at 631.[6]  Thus, the Texas Supreme Court reaffirmed the "transactional approach" to res judicata in that a subsequent suit will be barred if, through the exercise of diligence, it could have been litigated in a prior suit. *Barr,* 837 S.W.2d at 631.[7]

## IV.  Whether Adversary Barred by Res Judicata

█ The basis of the Adversary, as asserted by Matlock, is that Cobb wrongfully terminated the Contract between the parties.  To prevail, Matlock must show that Cobb had no legal basis for terminating the Contract.  The wrongful termination of the Contract is alleged by Matlock even though Cobb has successfully shown in state court that terms of the Contract were breached by Matlock.

It is clear from the record that the Adversary arises out of the same subject matter which was tried in state court—the Contract.  Specifically, were the terms of the Contract complied with?  To answer this question, this Court would be required to consider the same nucleus of operative

4.  28 U.S.C. § 1738 provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the court of such State ... from which they are taken."

5.  The Texas Supreme Court expressly overruled the court's prior decision in *Griffin v. Holiday Inns of America,* 496 S.W.2d 535 (Tex.1973).  In *Griffin,* the Texas Supreme Court had rejected the view that a judgment as to one claim is res judicata as to all claims or causes of actions arising out of the same transaction. *Griffin,* 496 S.W.2d at 538.

6.  The Texas Supreme Court adopted these factors from the RESTATEMENT (SECOND) OF JUDGMENTS, § 24(2) (1982).

7.  The Texas Supreme Court noted that the transactional approach to res judicata creates no more hardship than that encountered under Tex.R.Civ.Proc. 97(a). *Barr,* 837 S.W.2d at 631.  Under this rule, a party shall plead as "a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, ... if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction...." Tex.R.Civ. Proc. 97(a).

facts the state court did when it held that Matlock has breached the Contract. However, what is different now is that Matlock has alleged a cause of action which it failed to do as a counterclaim in state court, a cause of action sounding in tort.

It can not be seriously disputed by Matlock that the facts alleged in state court will substantially overlap with those which must be proven to establish wrongful termination of the Contract. To hold that Cobb wrongfully terminated the Contract, the Court would be required to review the terms of the Contract and the facts surrounding the fulfillment of those terms. This is a review in which a state court has already preformed. In its review, the state court found that Matlock breached terms [8] which entitled Cobb to terminate the Contract if the terms were not fulfilled. In so holding, the state court awarded Cobb monetary damages and ordered that Cobb shall be allowed to foreclose upon her security interest.

Matlock's claim in this adversary that it was not in default, or any default was not material, is directly contrary to the state court judgment. Any hearing by this Court for wrongful termination of the Contract would in essence be re-litigating Cobb's breach of Contract suit. Matlock should have alleged this cause of action as a counterclaim in the state court proceeding. Because Matlock did not, it is now barred by res judicata from pursuing it in this Court. Therefore, using the transactional approach as mandated by Texas law, this cause of action is barred by res judicata. Matlock may not one year after the fact file a cause of action regarding a subject matter which has already been actually litigated.

Further, notwithstanding the doctrine of res judicata, the Court questions whether Cobb could be found to have wrongfully terminated the Contract. As previously noted, the state court found that Matlock breached terms in the Contract which entitled Cobb to terminate the Contract. Because of this finding, a wrongful termination suit regarding the Contract appears to be legally impermissible. Any finding by this Court that Cobb wrongfully terminated the Contract would be inconsistent with the state court judgment that Matlock breached terms which authorizes Cobb to terminate the Contract. *See D.E.W., Inc. v. DEPCO Forms, Inc.*, 827 S.W.2d 379, 382 (Tex.App.—San Antonio 1992, n.w.h.) (sub-contractor was barred from bringing an action for wrongful termination after being found to have breached the contract).

## CONCLUSION

The Court holds that the Adversary is barred by res judicata based upon the prior state court judgment holding that Matlock has breached the Contract. The fact that the Adversary is based in tort and the state court action was based in contract is irrelevant. The cause of action in the Adversary could have, and should have, been raised during the state court proceeding because it directly arises out of the same subject matter that was tried in state court.

Essentially, Matlock's cause of action is a mandatory counter-claim which should have been alleged in the state court proceeding. Matlock may not in this Court seek an "end run" around the prior state court holding. Additionally, the Court could find no exception to § 1738 that would require the Court not to give res judicata effect to the state court judgment. It is clear that the state court had jurisdiction to entertain this cause of action.

Accordingly, Cobb's Motion to Dismiss Adversary Proceeding is hereby GRANTED. An order will be entered by the Court in accordance with this memorandum opinion.

---

**8.** *See supra* note 1.