## MERCER et ux. v. BONNER LOAN & INVESTMENT CO. et al.
## No. 13010.

Court of Civil Appeals of Texas. Fort Worth.

May 25, 1934.

A. B. Cates, of Decatur, for appellants.

Medona Bonner, of Dallas, for appellees.

LATTIMORE, Justice.

This is on an appeal from a judgment dissolving a temporary injunction and sustaining a plea in abatement prior suit pending.

William Mercer executed his note for $400 in 1916 to Bonner Loan & Investment Company. In 1922 he executed a note for $500, interest at 7 per cent. per annum, due in ten years, and also a note for $148.15 payable in ten equal annual installments. The notes were secured by first and second liens, respectively, on a piece of land in Wise county, and were payable in Dallas county.

The said investment company transferred the $500 note and lien to A. C. Rubey, Jr., who sued in Dallas county on same and to foreclose the lien.

Appellants Maude and D. E. Mercer thereafter filed suit in Wise county, alleging (1) that they in fact were the real borrowers, and that the land security was at all times their homestead, and that same was known to Mr. Gose, the agent of said investment company, at the time of making the loan, and that the transfer to Wm. Mercer was fictitious and known to and suggested by Gose to enable the loan; (2) that the Bonner Loan & Investment Company was a partnership, naming the partners, A. C. Rubey, Jr., being one of them; (3) fraud of Gose on appellants in procuring the loan; (4) that the amount of the $500 note was excessive by $100, that such excess was not received directly or indirectly by those liable thereon, and that the $148.15 note was also for interest on the $500 note; (5) the payments of interest on the $500 note and the installments on the $148.15 and that same amounted to 12½ per cent. per annum on $400, and that same was the receiving and collecting of usury; (6) that the Dallas suit was not filed in good faith, and that appellants were financially unable to defend the Dallas county suit; (7) prayed for cancellation of the liens and the penalties of usury in the sum of $793 and for temporary and permanent injunction against the further prosecution of the Dallas county suit.

The temporary injunction was granted. All the partners in the Bonner Loan & Investment Company except A. C. Rubey, Jr. (one of them being his father and another his attorney), moved to dissolve the temporary injunction and abate the Wise county suit on the ground that the Dallas county suit preempted the field attempted to be covered by the petition in Wise county. The trial court sustained both motions and dismissed the suit, and appeal therefrom is before us.

A great deal has been written, some of it in this state in conflict (see Priddy Case [Tex. Civ. App.] 241 S. W. 770, 773), to the subject of conflicting efforts of courts of co-ordinate jurisdiction to take control of rival suits of overlapping facts, into which we shall not extend our remarks other than to express our admiration for the decision in Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, 1071, and our intention to enforce its reasoning. "When the suit is brought, it is thereby segregated as it were from the general class to which it belonged, and withdrawn from the authority and jurisdiction of all other courts of co-ordinate power." It is apparent to us that the suit in debt and foreclosure drew to the Dallas court adjudication of the cancellation of the lien for the $500 note.

The issues made in the Wise county suit concerning the $148.15 note and lien were not subject to the jurisdiction of the Dallas district court under the pleadings there. The evidence of fraud and of homestead may be the same and the participants in the loan are the same. But the issues relate to a different contract.

The district court in Wise county in his findings of fact recites that the appellees in open court disclaim any title to the $148.15 note and that they there affirmed that the lien securing same had been released of record. In such a case the appellants were entitled to a judgment clearing their title of the asserted cloud at their own costs.

Also appellants pleaded usury and sought a recovery of the penalties on interest paid. We believe a distinction exists between the defense of usury charged but not collected and the suit for penalties. Sugg v. Smith (Tex. Civ. App.) 205 S. W. 363. The former is defensive; the latter is affirmative. A final judgment by a court with jurisdiction upon a note cuts off the right of the obligor to contend in another court that said judgment is excessive, whether for usury or otherwise, certain equitable matters, not here involved, excepted; this because the adjudicating of a controversy must somewhere end and of this necessity is our public policy of the finality of judgments and their protection against collateral attack.

Whether such contradiction exists where the second suit is upon the statutory penalty for usury received and collected (article 5073, R. S.) we need not decide, for the petition affirmatively discloses that only $50 of same was paid within two years preceding the filing of the suit for the penalties. That is for the justice court.

So much of the suit in Wise county as attacked the note for $500 and the lien therefor as well as the suit for usury received and collected should have been abated and judgment entered canceling the note for $148.15 and the lien therefor as against the appellees.

Inasmuch as the issues relating to the release of the $148.15 note and the lien therefor are not properly before the court on abatement, we affirm so much of the judgment of the court as dissolved the injunction. The judgment of dismissal is reversed, and the cause is remanded to the trial court. The costs of appeal are divided one-half against the plaintiff below and one-half against the defendants there.