## WEAVER v. WHITE.

No. 13231.

Court of Civil Appeals of Texas. Dallas.

July 17, 1942.

Baskett & Parks, of Dallas, for appellant.

Chas. F. Umphress, of Dallas, for appellee.

BOND, Chief Justice.

This is an appeal from a judgment sustaining defendant's general demurrer to plaintiff's petition and, plaintiff declining to amend, dismissing the suit.

Evidently, the action of the trial court is based on defendant's exceptions, bringing to the attention of the judge, without proof, that the alleged promissory note, evincing usurious interest received or collected by defendant, for which plaintiff here seeks judgment for double the amount of such interest, had been adjudicated in a prior litigation, hence the application of the common law rule that a suit between the parties precludes them from maintaining between themselves another suit on the same cause of action in courts of the same jurisdiction.

Plaintiff alleged, pertinent here, that on or about May 29, 1939, he borrowed $400 from defendant, for which he executed a note in the sum of $500, payable $100 on or before October 1, 1939, and $400 on or before November 1, 1939, with 10% interest from date of the note until paid; all past due interest to bear interest in 10%; that during the month of October, 1939, he paid the defendant the sum of $697.92, and, on judgment, $154.38, or a total of $852.30; that the $154.38 having been paid "on judgment" arose, as follows: "The defendant brought suit against this plaintiff for a balance alleged to have been due and unpaid on said above described promissory note and recovered his judgment against this plaintiff for said amount, which said amount this plaintiff was compelled to pay and did pay to the defendant on and by reason of said indebtedness and said promissory note." Wherefore, plaintiff sought judgment for double the amount of $452.30, representing illegal and usurious interest received and collected by the defendant upon said loan of $400.

Manifestly, plaintiff's suit is for statutory penalty for the collection of usurious interest, and his right to bring the suit independent of defendant's prior suit on the note, is governed by the provisions of Art. 5073, R.S. The right to recover penalty arising under this Article is a distinct cause of action; the statute gives the defendant the right of election to either sue for the penalty and select for himself the forum in which to bring his suit, or to have the usurious interest applied on the principal of his note and adopt the forum selected by his adversary under Art. 5071. Sugg v. Smith, Tex. Civ.App., 205 S.W. 363.

We think Art. 5073 and authorities clearly extend the right of the debtor to file for statutory penalty in an independent cause of action, even though the alleged usurious note and interest thereon had been litigated and the amount thereof put into judgment. A claim for penalty under the statute is no defense to the note, but a separate and distinct cause for affirmative recovery, which the debtor could maintain either in cross-action in the suit on the note, or in an independent suit. The pleadings here raise issues of fact not raised in the prior suit, hence not adjudicated. And the debtor having selected his own forum and affirmative recovery for usurious interest, the prior suit is no ground for abatement on demurrer, or otherwise. Cox v. Bishop, Tex.Civ.App., 62 S.W.2d 1021; Rosetti v. Lozano, 96 Tex. 57, 70 S.W. 204; Priddy v. Business Men's Oil Co., Tex.Civ.App., 241 S.W. 770; Business Men's Oil Co. v. Priddy, Tex.Civ.App., 248 S.W. 408; Id., Tex.Com.App., 250 S.W. 156.

The judgment is reversed and cause remanded to the court below for trial.

Reversed and remanded.