John L. WALL, Appellant,

v.

EAST TEXAS TEACHERS. CREDIT UNION, Appellee.

No. 8291.

Court of Civil Appeals of Texas, Texarkana.

June 10, 1975.

Rehearing Denied July 29, 1975.

Tom Bankhead, Bankhead & Davis, Carthage, for appellant.

R. L. Whitehead, Jr., Longview, for appellee.

CORNELIUS, Justice.

Appellee, East Texas Teachers Credit Union, filed this suit against appellant, John L. Wall, to collect a promissory note. In a trial to the court, judgment was rendered for appellee for the sum of $29,949.63 representing principal, interest and attorney's fees. ·

The note is as follows:

00
"Note No. 22724 Account No. 3329–99

$19,896.01                              May 7, 1971

For Value Received, I/We jointly and severally, promise to pay to the EAST TEXAS TEACHERS CREDIT UNION          Credit Union, or order, at LONGVIEW, TEXAS the sum of Nineteen hundred eight hundred ninety-six———and 01/100 Dollars, payable in 1 installments of Seven thousand————and No/100 Dollars, and 1 installment of Seven thousand——and No/100 Dollars

1 at $6,803.48 due September 15, 1971
(X) which includes principal and interest
( ) plus interest
on the unpaid balance at the rate of One percent per month, both before and after maturity, the installments to be paid
(X) monthly ( ) semi-monthly ( ) weekly ( ) bi-weekly beginning June 15, 1971
Collateral: Shares, 170 head mixed cattle

\*      \*      \*

SIGNATURE OF           SIGNATURE OF MAKER           ADDRESS
  WITNESSES              AND COMAKERS

_____     ✕   John L Wall"      _____

As indicated, there is a variance between the principal amount of the note as expressed in figures and as expressed in words, the figures providing for "$19,896.01" and the words providing for "Nineteen *hundred* eight hundred ninety-six———and 01/100" Dollars. Appellant's first three points of error contend that the trial court should have granted judgment for principal of only $2,796.01 (Nineteen hundred dollars plus eight hundred ninety-six dollars and one cent) rather than $19,896.01.

Section 3.118 of the Tex.Bus. & Comm. Code Ann., V.T.C.A., provides that in com-

mercial paper words shall control figures, except that if the words are ambiguous, figures shall control. Appellant contends that the words "Nineteen hundred eight hundred ninety-six———and 01/100", although awkward and somewhat unusual, are not ambiguous and therefore they should control over the figure $19,896.01. There are several accepted definitions of the term "ambiguous." It is sometimes said to mean words which are susceptible of more than one meaning. *Piper, Stiles & Ladd v. Fidelity and Deposit Company of Maryland*, 435 S.W.2d 934 (Tex.Civ.App., Houston 1st Dist.1968, writ ref'd n. r. e.). On the other hand, the term has been defined as denoting uncertainty of meaning; wanting in clearness or definiteness; or of doubtful import. *Universal C. I. T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154 (1951); *St. Paul Mercury Insurance Company v. Price and Tri-State Wholesale Associated Grocers, Inc.*, 359 F.2d 74 (U.S.Ct. of App. 5th Circuit 1966); *Business Men's Assur. Ass'n v. Read*, 48 S.W.2d 678 (Tex.Civ.App., Amarillo 1932, no writ). Taken literally the words "Nineteen hundred eight hundred ninety-six———and 01/100" may not be susceptible of more than one meaning, but considering that they constitute a grammatically incorrect or unorthodox use of words to express a monetary amount, and considering the additional provisions of the note calling for two payments of Seven Thousand Dollars each, *both also expressed in words*, we conclude that the wording of the note is uncertain of meaning and of doubtful import and therfore ambiguous within the meaning of the Tex.Bus. & Comm.Code Ann. Consequently, the trial court correctly ruled that the principal of the note was $19,896.01.

■ Appellant's fourth point of error complains of the action of the trial court in admitting into evidence a loan application which was executed and delivered by him to appellee at about the time the loan was consummated. The application showed the principal of the loan to be $19,896.01. This point will be overruled. Section 3.119 of the Tex.Bus. & Comm.Code Ann. provides that, as between the obligor and his immediate obligee, the terms of a note may be modified or affected by any other written instrument executed as a part of the same transaction. This is but a codification of the previously established rule in Texas. *Texas State Bank of Austin v. Sharp*, 506 S.W.2d 761 (Tex.Civ.App., Austin 1974, writ ref'd n. r. e.). Although appellee did not seek a modification of the note by its pleadings (no doubt because it contended that the principal as expressed by the figures was correct), we believe the loan application was properly received as evidence of the true nature of the transaction. See comment to Section 3.119, Tex.Bus. & Comm. Code Ann. and *Texas State Bank of Austin v. Sharp*, supra. At any rate, in view of our other holding, the introduction of the loan application did not result in the rendition of an improper verdict. Rule 434, Texas Rules of Civil Procedure.

In points of error five and six, appellant urges that the trial court erred in granting appellee judgment for interest, because the note was usurious. It is contended that appellee should have been required to forfeit to appellant, as a credit against the note, the penalty provided by Article 5069, Section 1.06, Tex.Rev.Civ.Stat.Ann. Appellee contends that the penalty provided for by Section 1.06 is not allowable as a defensive credit but must be recovered by the obligor, if at all, in an affirmative suit or counterclaim therefor, and that since appellant did not file such a suit or counterclaim he was not entitled to the penalty. Appellee also contends that the issue of usury was not raised by proper pleadings.

■ Prior to the adoption of Article 5069, the statutes dealing with usury were Articles 5071 and 5073, Tex.Rev.Civ.Stat.Ann. Article 5071 provided that all contracts for usurious interest ". . . *shall be void and of no effect* for the amount or value of the interest only; *but the principal . . may be . . . recovered.*" Article 5073 provided that when usurious interest had

been *received or collected* the person paying same may, by an action for debt, *recover* double the amount of the interest from the person receiving the same. Thus, the law provided two remedies for usury. One was defensive, prohibiting the collection of usurious interest; the other was affirmative, allowing an action to recover twice the amount of any usurious interest the obligor may have actually paid. See: *Employees Loan Co. v. Templeton*, 109 S.W.2d 774 (Tex.Civ.App., Fort Worth 1937, no writ); *Mercer v. Bonner Loan & Investment Co.*, 73 S.W.2d 988 (Tex.Civ.App., Fort Worth 1934, no writ); *Sugg v. Smith*, 205 S.W. 363 (Tex.Civ.App., Austin 1918, writ ref'd). It was uniformly held that an action under Article 5073 must be by suit or counterclaim seeking affirmative relief. *Rosetti v. Lozano*, 96 Tex. 57, 70 S.W. 204 (1902). In an attempt to strengthen the laws against usury,[1] Article 5069 was adopted in 1967 repealing Articles 5071 and 5073. Section 1.02 of the new article omitted the former provision that contracts providing for usury would be void, and provided instead that usurious contracts would be ". . . subject to the appropriate penalties prescribed in Article 1.06 of this subtitle." Section 1.06 of the new article changed the penalty as formerly set out in Article 5073 from double the amount of the interest "*received or collected*," to twice the amount of interest "*contracted for*, charged or received." It also omitted the former provision that the penalty would be recovered by the obligor "in an action for debt," and provided instead that the lender would "*forfeit to the obligor*" the applicable penalty. An additional penalty was added, requiring the lender to also forfeit all principal as well as interest and all other charges if the interest contracted for amounted to more than twice the lawful amount. In view of these significant changes, we conclude that the legislative intent was to make the penalties provided for in Article 5069, Section 1.06 available to the borrower either as a defensive offset in an action on the note, or as an affirmative action to recover the penalty. To hold otherwise would weaken rather than strengthen the laws against usury and would accomplish the very thing condemned in *Sugg v. Smith*, supra, where the court said:

". . . the unfortunate borrower, who on account of his necessitous circumstances, or for any other reason, fails to sue for the penalty prescribed for the collection of usurious interest . . . would be left without remedy, and the result would be that the . . . lender would be permitted to collect usurious interest as well as the principal debt, which would be the accomplishment of that which our usury law has sought to prevent."

It is true that Subsection 3 of the new law retains some of the elements of the old statutes, and refers to "such actions" being brought at certain places and within certain times, but despite the use of such language, we do not believe the legislature intended to do away with the defensive right previously available to the borrower.

There remains the question whether appellant's pleadings were sufficient to entitle him to a credit for the penalties provided for by Section 1.06. It is well settled that the defense of usury must be pleaded, unless the terms of the contract or note itself disclose the usury. 58 Tex. Jur.2d Usury, Section 70, p. 158. In addition, a plea of usury must be verified, unless the truth of the matter appears of record. Rule 93, Tex.R.Civ.P. In this case, appellant pleaded only that "Plaintiff's suit is based upon an instrument which would constitute an illegal loan under the laws of the State of Texas and in violation of the statutes of the State and is accordingly unenforceable against the defendant", and his plea was not verified. However, appellee sued upon the note and attached a copy of it to the petition. By simple mathematical calculation it can be seen that the note

---

1. See Emergency Clause to Article 5069, Tex. Rev.Civ.Stat.Ann.

is usurious, and appellee has not disputed appellant's assertion that it is. The principal of the note was $19,896.01. The note provides for a repayment of $20,803.48, principal and interest for the four month term[2] of the note. The note therefore showed on its face to provide for interest in excess of that allowed by law. Article 2462, Section 5, Tex.Rev.Civ.Stat.Ann. Its usurious nature was thus shown of record, and a plea of usury was unnecessary.

For the reasons stated, we conclude that the appellant's liability on the note should have been reduced by an amount equal to twice the amount of the interest contracted for. Appellee was entitled to judgment for the balance, plus lawful interest accruing after maturity, and attorney's fees both as provided for by the note.[3] The judgment will be reformed to effect such recovery, and as reformed it is affirmed. Rule 434, Tex.R.Civ.P.

---

2. The note provides for 3 "monthly" payments and the loan application states the loan is for 3 months, but the note is dated May 7 and the final payment was due September 15, a period of 4 months and 8 days.

3. The note provided for reasonable attorney's fees which were set by the court at $2,722.00. No complaint is made of such award.