**590**

David W. MADDEN, Individually and
d/b/a Century Marketing
Corporation, Appellants,

v.

HARLANDALE BANK, Appellee.

No. 8160.

Court of Civil Appeals of Texas,
Beaumont.

Nov. 2, 1978.

Rehearing Denied Nov. 30, 1978.

Richard E. Langlois, R. Emmett Cater,
San Antonio, for appellants.

Dennis K. Drake, San Antonio, for appellee.

KEITH, Justice.

Plaintiffs below appeal from a summary judgment which denied a recovery of the statutory penalties for the charging of unearned interest upon a loan made by the defendant bank. Our facts are undisputed and the parties disagree only on the law question. We affirm.

In October, 1975, Harlandale Bank made an installment loan to Ralph G. Colwell in the principal amount of $15,830.79 with an interest charge of $3,799.29 payable in forty-eight monthly installments of $408.96, the first of such installments being due on November 30, 1975, with the final payment due on October 30, 1979. Plaintiff in this cause, David W. Madden, individually and as President of Century Marketing Corporation, unconditionally guaranteed Colwell's debt. The loan went into default and the bank accelerated the maturity in April, 1976, and demanded payment.

When its demand for payment was ignored, the bank sued Colwell, Madden and Century Marketing Corporation. Although properly served with process, Madden and Century defaulted and an interlocutory judgment was entered which was merged into a judgment against all three defendants, including Colwell. This judgment included not only the debt, but unearned interest and attorneys' fees, and it became final without any effort having been made to set it aside.

Thereafter, the bank brought a garnishment proceeding in an effort to collect its final judgment but our record is silent as to the results of that action. It was after the filing of the garnishment proceeding that Madden and Century Marketing brought this new and independent suit against bank seeking recovery of statutory penalties under *Tex.Rev.Civ.Stat.Ann. art. 5069—8.01 and 8.02 (1967)*, contending the bank charged for the unearned and usurious interest in the original suit. See and compare *General Motors Acceptance Corp. v. Uresti*, 553 S.W.2d 660, 662–663 (Tex.Civ.App.— Tyler 1977, writ ref'd n. r. e.).

Both parties filed motions for summary judgment and that of bank was granted upon the basic proposition that the cause of action now asserted was a compulsory counterclaim under *Tex.R.Civ.P. 97(a)* in the earlier suit. Since the determination of this question is dispositive of the litigation, we now give our reasons for affirming the judgment of the trial court.

Plaintiffs rely upon several cases decided under the prior law governing usurious transactions.[1] The law was significantly different from the law governing this suit. *Art. 5071 (1925)* provided a defense only as to the interest in a usurious contract, holding only such part of the contract to be void and of no force and effect. Alternatively, *Art. 5073 (1925)* gave a right of affirmative relief of double the amount of interest collected by an "action of debt" and then only for the amount of usurious interest actually "received or collected."

The controlling statutes, as set out in *Art. 5069—8.01 and 8.02 (adopted 1967),* speaks to a *forfeiture* and provides that such forfeiture shall occur upon a *charging.* Thus, we are of the opinion that the earlier decisions under the statutes antedating 1967 are not controlling in litigation arising under the later statutes.[2]

Under the 1967 statute, the bank *charged* the usurious interest at the time it filed the original suit. *Moore v. Sabine National Bank of Port Arthur,* 527 S.W.2d 209, 212 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.)[3] See also Comment, *54 Texas L.Rev. 652 (1976).*

Plaintiffs rely heavily upon language found in *Wall v. East Texas Teachers Credit Union,* 526 S.W.2d 148, 151 (Tex.Civ.App.—Texarkana 1975), reversed on other grounds, 533 S.W.2d 918 (Tex.1976),[4] to the effect that *Art. 5069—1.06* is "available to the borrower either as a defensive offset in an action on the note, or as an affirmative action to recover the penalty." We do not disagree with this holding; but, we are unwilling to scuttle the doctrines of res judicata and compulsory counterclaims to reach the position sought by plaintiffs.

Instead, we confine the language quoted from *Wall* to the situation in which it was used: as an offset in the litigation on the note *and* as a counterclaim for the statutory penalty in the same suit. In so doing, our holding is consistent with the quoted language from *Wall.*

The doctrine of res judicata bars plaintiff's action. As stated by then Justice Greenhill in *Abbott Laboratories v. Gravis,* 470 S.W.2d 639, 642 (Tex.1971): "[A] party cannot relitigate matters which he might have interposed, but failed to do so, in an action between the same parties or their privies in reference to the same subject matter. *Freeman v. McAninch,* 87 Tex. 132, 27 S.W. 97 (1894)." See also Z. Steakley and W. Howell, Jr., "Ruminations on Res Judicata," *28 Sw.L.J. 355, 368 (1974);* and *Olivarez v. Broadway Hardware, Inc.,* 564 S.W.2d 195, 198 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.), wherein Chief Justice Nye has collated most of the leading authorities on the subject.

Although plaintiffs rely, at least to some extent, upon language found in *Griffin v. Holiday Inns of America,* 496 S.W.2d 535, 538 (Tex.1973), we find such reliance to be misplaced. The Court went to great lengths to approve and reaffirm the holding in *Gravis,* supra, and held that since Griffin's claim in quantum meruit arose out of the "transaction or occurrence that was the

---

1. See, e. g., *Weaver v. White,* 164 S.W.2d 48 (Tex.Civ.App.—Dallas 1942, no writ); *Employees Loan Co. v. Templeton,* 109 S.W.2d 774 (Tex.Civ.App.—Fort Worth 1937, no writ), involving the earlier statutes, *Arts. 5071 and 5073, R.C.S. (1925).*

2. Defendant challenges the correctness of the holdings in the cases cited in footnote one, supra, contending that cases it cites [e. g., *Jowell v. Billingsley,* 66 S.W.2d 809 (Tex.Civ.App.—Waco 1933, no writ); and *Dallas Trust & Savings Bank v. Brashear,* 65 S.W.2d 288, 291 (Tex.Com.App.1933, judgment adopted)] with contrary holdings, represent the prevailing law under the earlier statutes.

We avoid a determination of this question by holding the earlier decisions under dissimilar statutes are not applicable to the case at bar.

3. See *Southwestern Investment Co. v. Mannix,* 557 S.W.2d 755, 765 (Tex.1977), wherein the Court approved the holding in *Moore* but found it unnecessary to decide if it applied in the case then under consideration.

4. *Wall* involved *Art. 5069—1.06 (adopted 1967),* and the claim of usury was asserted in the original suit—not in a subsequent suit after the judgment in the original litigation had become final. Moreover, questions of res judicata and compulsory counterclaims did not enter into the decision in *Wall* at any level of the judicial hierarchy.

subject matter of the cross-action [of Holiday Inns], the quantum meruit claim was a compulsory counterclaim to the cross-action under the provisions of Rule 97, T.R.C.P." (496 S.W.2d at 539).

All of plaintiffs' present claims could and should have been asserted as a counterclaim in the original suit. The claims fit each of the "six elements" set out in *2 McDonald, Texas Civil Practice § 7.49, at 283–286 (1970 Rev. Vol.).* See also *Upjohn Co. v. Petro Chemicals Suppliers, Inc.,* 537 S.W.2d 337, 340 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.); *Bohart v. First National Bank in Dallas,* 536 S.W.2d 234 (Tex.Civ. App.—Eastland 1976, writ ref'd n. r. e.).

The first judgment, under the circumstances noted in this record, constituted res judicata of plaintiffs' present claims. *Griffin v. Holiday Inns,* supra. The trial court's action in granting defendant's motion for summary judgment and denying that of plaintiffs was correct and such judgment is now AFFIRMED.