**J.C. DIXON and Diane Dixon, Appellants,**

**v.**

**G.K. BROOKS, A/K/A Mrs. J.B. Brooks, Appellee.**

**No. C14–83–459CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 20, 1984.

Monroe Northrup, Austin & Arnett, Houston, for appellants.

Leonard Z. Finger, Thomas Lee Bartlett, Finger, Small, Cohen & Forlano, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

J.C. Dixon and Diane Dixon (appellants or purchasers) sued Geneva Kirk Brooks (appellee or seller) for damages for violation of the Deceptive Trade Practices Act and the Debt Collection Act and for injunctive relief in connection with a contract for deed for a home appellants purchased from appellee. By unanimous verdict a jury found no damages. The trial court held, as a matter of law, the Contract for Deed and the checks and payments received late, including the authorized late charges, were not usurious and entered judgment that appellants take nothing. We affirm.

On July 1, 1974, purchasers, then husband and wife, executed a contract for deed to buy a residence from seller for the total price of $48,500. Under the contract the purchasers paid $3,000 in cash as a down payment and agreed to pay the balance of the contract price in monthly installments by the 20th day of each month as follows: (1) one check payable to Lomas Nettleton (L & N) in the amount of $285 to be sent to seller and forwarded by seller to apply as monthly payments of principal and interest due on two promissory notes previously executed by seller to L & N, secured by mortgages on the property, plus an escrow for taxes and insurance; these monthly payments to continue until the total principal balance of $25,991.75 due on the two L & N notes as of June 20, 1974, was paid in full; and (2) one check payable to seller in the amount of $203.62 in payment of principal and interest on a promissory note executed by purchasers payable to seller in the original principal amount of $19,508.25. At the time the contract was executed one of the L & N notes, hereinafter referred to as the larger L & N note, had a principal balance of $21,766.91, bearing interest at the rate of 7.5% per annum. The second note, hereinafter referred to as the smaller L & N note, had a principal balance of $4,224.84 and an interest rate of 7.75% per annum. The note payable to Brooks bore interest at 9.5% per annum.

The contract for deed contained the following provision: "Any checks received by Geneva Kirk Brooks after the first day of the month will carry a late charge of 10%."

Although appellants present nineteen points of error, they concede in their brief that all points are determined by a decision of the question of whether the contract was usurious as a matter of law because it authorized collection of a late charge penalty, which, when added to the interest provided for in the contract, exceeded the ten percent per annum maximum interest allowed by then-existing law. Appellants brief and argue their points together. We will answer them in a like manner.

■ A contract is usurious if there is any mode or contingency by which the lender could receive more than the maximum rate of interest allowed by law. A lender may not contract for, charge or receive interest in excess of that allowed by law. TEX.REV.CIV.STAT.ANN. art. 5069–1.06 (Vernon 1971); *Smart v. Tower Land & Investment Co.*, 597 S.W.2d 333 (Tex.1980); *Shropshire v. Commerce Farm Credit Co.*, 120 Tex. 400, 30 S.W.2d 282 (1930). The article then applicable provided: "[P]arties to any written contract may agree to and stipulate for any rate of interest not exceeding ten percent per annum on the amount of the contract." Act of May 23, 1967, ch. 274, § 2, 1967, Tex. Gen. Laws, 608, 609, *amended by* Act of May 8, 1981, ch. 111, § 5, 1981 Tex.Gen. Laws, 271, 274.

Appellants ask this court to place a strained and unrealistic construction on said contract in order to create usury where none exists. They want to divide the contract into two distinct contracts, one which they admit is not usurious, the other which they contend is usurious. They overlook the fact that the contingent late charge does not segregate interest but is a one-time contingent charge for a variable period depending on when payment is made. A single one-time late charge of ten percent, regardless of how late the payment was tendered, does not equate, as

appellants argue, to one percent per day or 365 percent per annum. Appellants want to split the late charge into different segments and treat the portion of the late charge that is ten percent of principal as an addition to interest on the principal balance and treat the portion of the late charge that is ten percent of interest as a separate contract so as to render usurious that part of the late charge allocable to past due interest.

Appellants admit that the spreading theory enunciated in *Tanner Development Co. v. Ferguson,* 561 S.W.2d 777 (Tex.1977) precludes the contract from being usurious as to the installments of principal, but they would have us hold that the ten percent late fee applies only to matured installments of interest. We decline to do so. To so hold would necessitate dividing the origi-

nal debt into two parts and then applying the late charge to only one part. Appellants' argument is unique; however, they have cited no authority in support of their approach nor can we find any.

A month in which the payments were made late and a breakdown of the allocation thereof is illustrative of why we hold, as a matter of law, that no usury occurred. On June 20, 1975, the Dixons tendered $1,102.60 to Brooks. At that time the February, April and May payments for 1975 had not yet been paid, and the total principal due on all three notes was $44,823.57. The $1,102.60 represented three monthly payments (numbers 78, 80 and 81) on the larger and smaller L & N notes and three monthly payments (numbers 6, 8 and 9) on the Brooks note. A breakdown of that payment follows:

| AMOUNT OF PAYMENT | APPLIED TO PRINCIPAL | APPLIED TO INTEREST | APPLIED TO ESCROW | DATE DUE | PAYMT. NO'S |
|---|---|---|---|---|---|
| | | | | 1975 | |
| 1,102.60 | 27.88 | 134.69 | | 2–20 | 78 |
| | 5.22 | 27.02 | | 2–20 | 78 |
| | 28.23 | 134.34 | | 4–20 | 80 |
| | 5.28 | 26.96 | | 4–20 | 80 |
| | 28.41 | 134.16 | | 5–20 | 81 |
| | 5.32 | 26.92 | | 5–20 | 81 |
| | 51.16 | 152.46 | | 2–20 | 6 |
| | 11.66 | 151.65 | | 4–20 | 8 |
| | –0– | 151.24 | | 5–20 | 9 |
| TOTALS: 1,102.60 | 163.16 | 939.44 | –0– | | |

Principal Balance at time of payment: 44,823.57

ALLOCATION OF ABOVE INTEREST PAYMENTS:

| | |
|---|---|
| To L&N 7 1/2% debt | 403.19 |
| To L&N 7 3/4% debt | 80.90 |
| To GKB 9 1/2% debt | 455.35 |
| Total: | 939.44 |

ALLOCATION OF LATE CHARGES (not paid) AUTHORIZED BY CONTRACT FOR DEED

| | |
|---|---|
| To Interest | 93.94 |
| To Principal | 16.32 |
| To Escrow | –0– |
| Total Authorized Late Charges: | 110.26 |
| TOTAL INTEREST PAID OR AUTHORIZED: | 1,049.70 |

From the above it is clear that $939.44 of the $1,102.60 payment was allocated to interest on the three notes. Another $110.26 was authorized as interest (late charge) by the Contract for Deed even though said amount was not actually paid. By adding the $939.44 of interest actually paid and the $110.26 interest also authorized the total amount of interest possible comes to $1,049.70. That amount is less than the maximum interest chargeable at ten percent per annum on the principal balance from accrual date to the date of payment ($1,120.59 for three months). The accountant who testified stated he had calculated the amount of contractual interest chargeable by taking 10 percent of the balance due and dividing that amount by 12 to get the monthly allowable amount of interest and he calculated the daily rate by dividing by 30. None of his calculations show that the interest at any time was usurious. Thus, since the amount of interest actually contracted for, paid, or received does not exceed ten percent, the contract, as a matter of law, was not usurious.

■ Appellants are vainly searching for a method of construing the contract whereby it may be held usurious. However, it is well settled that where an allegedly usurious contract is susceptible to more than one reasonable construction, a court will adopt the construction which comports with legality and which appears to represent the intent of the parties. *Ford Motor Credit Co. v. McDaniel*, 613 S.W.2d 513 (Tex.Civ. App.—Corpus Christi 1981, writ ref'd. n.r. e.); *Walker v. Temple Trust Co.*, 124 Tex. 575, 80 S.W.2d 935 (1935). We hold that the language of the contract for deed and the promissory note is clear; usury was neither contemplated, contracted for, nor possible under any contingency.

■ We concur with appellants' statement that past due interest becomes a new and independent debt for which additional interest may be charged at the maximum lawful rate. However, appellants seek to extend that basic concept into a tortured construction of the contract which would divide the contract into two separate agreements, one usurious and one lawful, even though the parties entered into a single contract. It would also require splitting the late charge into different categories when the contract never provided for such a result. Appellants want to treat the late charge as an agreement for compounding interest or for charging additional interest above the maximum lawful rate. However, the late charge falls into the category of a contingent additional charge which has been held to be interest, and which is to be added to the interest contracted for if a payment is received after the expiration of the grace period.

The charge is for an indefinite term with a fixed single interest charge payable only in case of delinquency, applicable no matter how long the period until the late payment is received. Except in cases where the contractual interest is already at the highest rate allowed by law, it has long been the practice of courts to add an extra single interest charge to other interest to see whether the total interest exceeds the amount allowed by law. *See generally Mills v. Johnston*, 23 Tex. 309 (1859).

The accountant who testified repeatedly resolved any areas of possible doubt in favor of appellants. Payments were credited from the date of the check, whether actually received on that date or not.

■ The appropriate calculation is to combine the interest paid and the late charge that could have been collected and to apply that total to the entire principal balance due from the accrual date to the date of payment; since that total does not exceed ten percent per annum, the contract is not usurious.

We need not consider appellee's conditional cross-point as we have overruled all of appellants' points of error.

The judgment of the trial court is affirmed.