**Mr. and Mrs. M.A. MIDGETT, Appellants,**

v.

**J. EDELSTEIN FURNITURE CO., Appellee.**

**No. 13–85–114–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 14, 1985.

Maurice D. Healy, Rodriguez & Colvin, Brownsville, for appellants.

Mark W. Walker, Ewers & Toothaker, McAllen, for appellee.

Before DORSEY, UTTER, and SEER-DEN, JJ.

OPINION

DORSEY, Justice.

This is an appeal from a judgment against defaulting debtors in a suit on a

retail installment contract. Appellants' Supplemental Answer asserted that "the Plaintiff's pleadings and attachments thereto show that the claimed obligation sued upon is on its face, usurious and the interest rate exceeds 24% in violation of the Texas Revised Civil Statutes Art. 5069." This general pleading of usury was not verified by affidavit as required by TEX.R. CIV.P. 93, which provides:

> A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit....
>
> 11. That a contract sued upon is usurious. Unless such plea is filed, no evidence of usurious interest as a defense shall be received.

The trial court ruled that no such evidence of usury would be allowed because appellant had not complied with Rule 93, and the court made no findings on the usury defense.

Appellants' first point of error alleges the trial court erred in failing to consider evidence of usury since the contract was incorporated into the plaintiff's/appellee's pleadings and contains sufficient information to show on its face that it was usurious, thus fitting within the Rule 93 exception.

Appellee disputes that the contract called for a usurious rate of interest, and argues that appellants, by failing to file a verified plea, should not be able to present their defense, and that usury does not appear of record. The narrow question is whether usury appears of record. We hold it does not.

The pleadings of appellee and the evidence below included the retail installment contract that contained the following information: the amount financed was $2402.26; the annual interest rate was 23.99%; the finance charge was $653.90; the total of payments due was $3056.16, which was to be paid in 24 payments of $128.00 each.

Appellants' argument to the trial court and on appeal is that 24 payments of $128.00 raises the total due to $3072.00 or $15.84 more than the total of payments in

the contract and proves usury on the face of the record, bringing appellants within the exception to Rule 93.

The trial court's fourteenth finding of fact stated that the parties intended the final payment to be in the amount of the remaining balance due and no more, since the contract provided that the total of payments due was $3056.16.

The underlying question is: to what extent must the trial judge engage in calculation and consult outside sources to determine whether usury "appears" of record in the absence of an unsworn allegation of usury. The appellant argues that, as all relevant information appears in the plaintiff's pleading, it is merely necessary to do the calculation in order to ascertain the existence of usury.

However, neither the maximum allowable rate of interest nor the maximum amount of interest chargeable is apparent from the pleadings of record. Once the trial judge determines the maximum rate of interest, the mathematical problems begin in calculating the maximum amount of interest that could have been charged on a two-year declining balance note.

We think the instant case is distinguishable from *Pickrell v. Alpha Pipe & Steel, Inc.*, 406 S.W.2d 956 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.), where $5,700 was loaned for a six-month period, $1,000 interest was collected, and the maximum legal rate was 10% per annum, because of the simplicity of the calculations required in *Pickrell*.

*Wall v. East Texas Teachers Credit Union*, 526 S.W.2d 148 (Tex.Civ.App.—Texarkana 1975), *reversed on other grounds*, 533 S.W.2d 918 (Tex.1976) upon which appellants rely is distinguishable. In *Wall*, the note's terms did require the payment of usurious interest, which, unlike the instant case, was not disputed by appellee. *See Wall*, 533 S.W.2d at 921. In the case at bar, the claim of usury is disputed and usury does not clearly and unambiguously appear on the face of the record. We hold

that the trial court did not err in refusing to hear the defense of usury.

Appellants' second point of error alleges that the trial court erred in failing to find usury. As there was no error in refusing appellants' evidence and defense of usury, there was no error in the trial court's failure to find usury.

Appellants' first and second points of error are overruled and the judgment of the trial court is AFFIRMED.

UTTER, Justice, dissenting.

I respectfully dissent. The statement of the nature of the case and proceedings are correctly set forth in the majority opinion. I would hold that usury does appear on the face of the record and would reverse and remand to the trial court in order to address appellant's usury contention.

The retail installment contract, which was attached to appellee's pleadings, requires buyer "to pay the amount designated as Total of Payments to Seller ... in 24 consecutive monthly installments ... *All* installments shall be in the amount of $128.00." [emphasis ours] Appellants were to make twenty-four monthly payments in the amount of $128.00 per month. Upon making the last payment, the appellants would have paid a total amount of $3,072.00 in principal and interest.

Assuming a beginning principal balance of $2,402.26 as stipulated in the contract, and highest permissible interest rate of 24% per annum[1] for twenty-four (24) months, the maximum finance charge appellee could legally "contract for, charge or receive" from appellants would be $645.97.[2]

Thus, using the maximum finance charge allowable, the total amount which could be paid by appellants would be $3,048.23. The total payable under the terms of the installment contract was $3,072.00. Therefore, the installment contract by its terms appears to be usurious in the amount of $33.77.

It is quite obvious to me that an instrument which contracts for or charges a usurious interest rate is not going to state in unequivocal terms that it is doing so. Any court in determining whether usury appears of record,[3] must therefore make some sort of mathematical calculation. Generally the cases which have declared a contract to be usurious have not actually set forth their calculations.[4] They have set out the terms of the note and then concluded that it is usurious. Nevertheless, it is apparent that some calculations were made but omitted from the text of the opinions. For instance, in *Pickrell*, a borrower sued a lender claiming that a certain note charged a usurious rate of interest. A loan of $5700.00 was made and $6700.00 collected in repayment over a six month period. After setting forth the terms of the note and discussing a point not germaine to the question before us here, the court summarily stated: "... the summary judgment record ... shows appellant collected interest far above the ten per cent allowed for appellee's use of his money." *Pickrell v. Alpha Pipe & Steel, Inc.,* 406 S.W.2d at 959. In order to have reached this conclusion, the court had to determine the annual percentage rate charged in order to know it was "far above the ten per cent allowed."

---

1. 7 Tex.Reg. 33 (Jan. 1, 1982). The trial court is authorized to take judicial notice of interest rate ceilings issued by the Consumer Credit Commission. *Whitehead Utilities, Inc. v. Emery Financial Corp.,* 697 S.W.2d 460 (Tex.App.—Beaumont 1985).

2. Lake's Monthly Installment and Interest Tables, (6th Edition 1970).

3. Rule 93 of the Texas Rules of Civil Procedure states: "A pleading setting up any of the following matters, *unless the truth of such matters appears of record,* shall be verified by affida-

vit.... (11) That a contract sued upon is usurious. Unless such plea is filed, no evidence of usurious interest as a defense shall be received." [Emphasis ours].

4. *See Wall v. East Texas Teachers Credit Union,* 526 S.W.2d 148 (Tex.Civ.App.—Texarkana 1975), *rev'd. on other grounds,* 533 S.W.2d 119 (Tex. 1976); *Maxwell v. Estate of Bankston,* 433 S.W.2d 229 (Tex.Civ.App.—Texarkana 1968, no writ); *Pickrell v. Alpha Pipe & Steel, Inc.,* 406 S.W.2d 956 (Tex.Civ.App.—Amarillo 1966, writ ref'd. n.r.e.).

The majority opinion attempts to distinguish *Wall v. East Texas Teachers Credit Union,* 526 S.W.2d 148 (Tex.Civ.App.—Texarkana 1975), *rev'd on other grounds,* 533 S.W.2d 119 (Tex.1976) from this case. In *Wall* the Court stated, "[b]y simple mathmatical calculation it can be seen that the note is usurious...." The note sued upon stated that the principal was $19,896.01, to be repaid in three monthly installments of $7,000.00, $7,000.00 and $6,803.48. The note also provided that each installment "includes principal and interest." The total amount of principal and interest to be repaid was $20,803.48 for the four-month term of the note. This allowed a finance charge of $907.47 for four months. The Court concluded, also without setting forth its calculations, that "[t]he note therefore showed on its face to provide for interest in excess of that allowed by law ... [i]ts usurious nature was thus shown of record, and a plea of usury was unnecessary." *Id.* at 152. I do not see such distinction.

The majority opinion also states "the trial court's fourteenth finding of fact stated that the parties intended the final payment to be in the amount of the remaining balance due and no more, since the contract provided that the total of payments due was $3,056.16." The contract does not reveal that the parties intended for the final payment to be any less than $128.00, although it would have been a simple matter to have done so. I feel that appellants herein, as well as the average consumer, would have been under the impression that they were to make twenty-four payments of $128.00 each. I feel that this finding is immaterial to the question before us. The question before us is whether usury appears of record.

It could be argued that this contract is ambiguous. Although it is true that if an alleged usurious contract is susceptible to more than one meaning, the court will adopt the construction which comports with legality, this question is not before us either. *Dixon v. Brooks,* 678 S.W.2d 728 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd. n.r.e.). Before reaching this point, the trial court must first make a determination that the contract can be construed as usurious. The rule is that a contract is usurious as a matter of law if there is any contingency by which the lender may receive more than the lawful rate of interest. *Smart v. Tower Land and Investment Co.,* 597 S.W.2d 333 (Tex.1980); *Dixon v. Brooks,* 678 S.W.2d at 729.

The fact that the contract provides for an interest rate of 23.99% per annum does not save it from being a usurious agreement. As the *Pickrell* Court said:

> It is true the note shows upon its face ten per cent interest, but: 'The transaction is to be tested by its substance, not its form, and, if from all the facts its essence is found to be the receiving or contracting for a greater rate of interest than is allowed by law, the statutory consequences must be visited upon it.' [citation omitted].

*Pickrell v. Alpha Pipe & Steel, Inc.,* 406 S.W.2d at 959.

Looking through form to substance, the contract reveals on its face that it contracts for and charges an interest rate in excess of that allowed by law.

Furthermore, the record reveals that appellants were given a credit of $114.00 for vinyl floor covering which they were dissatisfied with. Although appellants did not plead for an offset of this amount, it was tried by consent. The trial court's judgment reflects that credit was given for this amount. However, the record is void of any evidence showing that the interest to be paid on the amount financed was reduced accordingly and their monthly payments adjusted to compensate for this credit. This should have been considered in determining whether usury appeared of record. The trial court and the majority opinion failed to address this point and failed to allow appellants a credit for interest paid or to be paid on the account.

I would REVERSE the judgment and REMAND this cause for new trial where appellants should be permitted to present evidence of usury.